<hr/>

KEET v. BAKER *et al.*, *Appellants.*

Division One, November 3, 1897.

141   175
95a   536

1. **Ejectment**: SALE OF MORTGAGED PREMISES BY JUDGMENT CREDITOR. T., the owner of the land, mortgaged it, and afterward sold it to H., who assumed the debt, and sold it to the plaintiff, who in time bought the mortgage note, and had it assigned to him, and at the trustee's sale plaintiff became the purchaser.   At the time of the conveyance to H. defendant was the owner of a judgment of the circuit court against H., and under this execution was issued and the property sold by the sheriff to defendant long after H. had sold it subject to the mortgage.   *Held*, that the sale of the land by T. to H., although H. assumed the payment of the mortgage debt, passed the title, and a purchase of the land by plaintiff at the trustee's sale gave him the title.

2. **Trusts**: PAYMENT OF NOTE OUT OF FUNDS OF AN ESTATE.   The evidence showed that plaintiff's father had bought the property through *mesne* conveyances from T., the original mortgagor, and had devised it to plaintiff and his mother, and had appointed plaintiff his executor; that the plaintiff had used the funds of the estate to buy the mortgage note, had it assigned to him in his individual capacity, and at the trustee's sale had the deed made to him in his own name, the said note having never been allowed against the estate.   *Held*, that this did not amount to an actual payment or extinguishment of the debt, *but* that plaintiff held the title in trust for the benefit of the estate.

*Appeal from Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*James Baker* for appellants.

(1)   By his assumption in the deed to him, J. T. Keet became the mortgagor himself, primarily liable.

He could not, under any circumstances, purchase or keep the mortgage alive. An assignment or transfer of it to him would have satisfied it. Devlin on Deeds, sec. 1056; 15 Am. and Eng. Ency. of Law, 836, 837; *Heim v. Vogel*, 69 Mo. 529; *Fitzgerald v. Barker*, 85 Mo. 13; *Freeman v. Moffitt*, 119 Mo. 280; *Fitzgerald v. Barker*, 70 Mo. 685; *McCabe v. Swap*, 14 Allen, 188; *Atkinson v. Stewart*, 46 Mo. 510; *Carlton v. Jackson*, 121 Mass. 592. (2) One for whom property is held in trust, whose equitable duty it is to pay a mortgage, can not keep the mortgage alive by having it assigned to him. Sheldon on Subrog,, p. 74; *Putnam v. Call*, 120 Mass. 454. (3) If the money is advanced by one whose duty it is, by contract or otherwise, to pay the mortgage, it will be a release and not an assignment. *Brown v. Lapham*, 30 Cush. (Mass.) 551. (4) If. the mortgage debt has in substance been paid from the means or estate of the principal debtor, it will be a payment, not an assignment. *Sweaney v. Mallory*, 62 Mo. 485; *Atkinson v. Stewart*, 46 Mo. 510; Sheldon on Subrog., pp. 78–84.

*Massey & Tatlow* for respondent.

(1) We insist that it is the law that even if Josiah T. Keet, now deceased, had lived and had himself had the transaction with the holders of the bond and purchased at the foreclosure sale thereunder, and received a trustee's deed under said purchase, he would have acquired the legal title to this lot as against the appellants in this case. Sheldon on Subrog. [2 Ed.], secs. 28, 53; 24 Am. and Eng. Ency. of Law, 271; *Bryson v. Myers*, 1 Watts & S. (Pa.) 420; *Ayers v. Adams*, 82 Ind. 109; *Young v. Morgan*, 89 Ill. 199; *Metzen v. Shaffer*, 65 Cal. 81; *Johnson v. Zink*, 51 N. Y. 333; *Stillman v. Stillman*, 21 N. J. Eq. 126; *Hopkins v.*

*Walley*, 81 N. Y. 77; *Cleveland v. Southern et al.*, 25 Wis. 479; *Jumel v. Jumel*, 9 Paige, 591; *Orrick v. Durham*, 79 Mo. 179. (2) Baker did not acquire the legal title to the lot in question by virtue of the sheriff's deed, for the reason that the levy made by the sheriff under the execution, upon which the sale was made and under which sale Baker obtained his deed, was made on the eighth day of June, 1894. The Lombard bond, secured by the deed of trust, fell due on the first day of June, 1894, hence the levy of the sheriff under the execution was made after default and condition broken, in the deed of trust. *Schanewerk v. Hoberecht*, 117 Mo. 22; *Thrasher Co. v. Donovan*, 120 Mo. 423; *Kennedy v. Siemers*, 120 Mo. 73; *Bates v. Baker*, 1 S. W. Rep. (Tex.) 256; *McArthur v. Oliver*, 60 Mich. 606; Drake on Attachments, sec. 623; *Russell v. Allen*, 10 Paige, 249; *Vanderkemp v. Shelton*, 11 Paige, 28; *Tice v. Annin*, 2 Johns. 108; *Lovelace v. Webb*, 62 Allen, 271.

BRACE, J.—This is an action in ejectment to recover possession of lot number 8 in Curtis addition to the city of Springfield. The petition is in common form. The answer a general denial. Hatfield and Tracy, who were the owners of the premises, on the twenty-seventh of May, 1889, executed a deed of trust thereon of that date to secure their promissory note for $1,650, payable June 4, 1894, to the Lombard Investment Company. Afterward on the twenty-third of February, 1892, the said Hatfield and Tracy conveyed the premises to P. H. Oliver by deed of that date containing the following stipulation: "This deed is made subject to a deed of trust to the Lombard Investment Company, for the sum of $1,650, and all interest on the same, recorded in the recorder's office of Greene county, Missouri, in deed of trust record book 26, page 500,

which grantee hereby assumes and agrees to pay as part of the consideration herein.''

On the twelfth day of April, 1892, the said Oliver, by deed of that date, containing the same stipulation, conveyed the premises to Samuel H. Horine. At this date there was standing on the records of the circuit court of Greene county, a judgment in favor of the defendant Baker against the said Horine for $100 and costs. Afterward, on the thirty-first of August, 1892, the said Horine, by deed of that date containing the same stipulation as before, conveyed the premises to John C. Keet, and on the twenty-second of December, 1892, the said John C. Keet, by his deed of that date containing the same stipulation as before, conveyed the premises to Josiah T. Keet, who thereafter died, and by his last will admitted to probate in March, 1894, appointed his son, the plaintiff James E. Keet, and his wife, Elizabeth Keet, executors thereof.

In June, 1894, the Lombard Investment Company duly assigned in writing and delivered the deed of trust aforesaid, together with the promissory note evidencing the indebtedness, thereby secured, to the plaintiff for the consideration of $1,650.

On the ninth day of July, 1894, the sheriff of Greene county, in pursuance of a sale made on the seventh of July, 1894, under an execution issued upon the judgment aforesaid against Horine, conveyed the premises to the defendant Baker. On the thirty-first of August, 1894, in pursuance of a sale in foreclosure of the deed of trust aforesaid, the trustee conveyed the premises to the plaintiff who, on the sixteenth of March, 1895, instituted this suit. The judgment was for the plaintiff and the defendant appeals.

The only question in the case is, did the legal title of Hatfield and Tracy to the premises pass to the plaintiff by the trustee's deed, executed in pursuance of the

sale made in accordance with the terms of their deed of trust? Upon the face of the foregoing statement which comprises the substance of the documentary evidence in the case, it is apparent that it did; but in the course of the trial it appeared in evidence, in addition to the fact that at the time the assignment of the trust debt and deed to the plaintiff was made, he was one of the executors of Josiah T. Keet, and that the money paid for such assignment was out of funds belonging to the estate of the said Josiah T. Keet. And although it also appeared by the evidence that the money thus paid for the assignment was paid by the plaintiff without any authority from the probate court, and without any demand ever having been established against said estate growing out of the stipulation aforesaid contained in the deed to said Josiah T. Keet, and was not paid by the plaintiff in his official capacity as executor at all, but in his individual character, for the express purpose of keeping the trust deed alive for the benefit of the estate; it is argued for the defendant that as the said Josiah T. Keet, as between him and the mortgagor, was primarily liable for the payment of the trust debt. It was his duty to pay the same, and as the plaintiff was one of his executors it became *his* duty to pay it, and having used the money of the estate in buying it, he must be held to have paid the debt when he paid for the assignment, and the debt having thus been discharged, the foreclosure sale was void and the trustee's deed made in pursuance thereof passed no title. The argument is fallacious even if urged in a court of equity. The defendant has nothing to do with the duty which Josiah T. Keet owed to the mortgagor. *He owed no duty to the defendant* to discharge this mortgage debt, so as to let in the defendant's junior incumbrance, and it was not the duty of the plaintiff as his executor to pay this debt; on the contrary, he would have been

guilty of a flagrant violation of his duty *as executor* if he had undertaken to do so without the same having been allowed, or without an order of the probate court authorizing him to redeem (Revised Statutes 1889, sections 142, 143 and 230) and thereby let in defendant's junior incumbrance. Although by using the funds of the estate for the purpose of obtaining the assignment and thus securing the legal title, he became a trustee of that title for the benefit of those interested in the estate, that fact in no way altered his relation to the defendant, who had no interest in that estate and to whom the plaintiff owed no duty either personally or as executor or trustee. But why pursue the argument further? The legal title unquestionably passed by the deed (*Schanewerk v. Hoberecht*, 117 Mo. 22), and in this case we have to do with that title only, and nothing to do with the equities of subrogation upon which the argument seems to be based. The plaintiff having the legal title needs no subrogation in this case, and must recover. The judgment of the circuit court is affirmed. All concur.