SPRINGFIELD GROCER COMPANY et al., Respondent, v. WILLIAM E. WALTON, Adm'r, Appellant.

St. Louis Court of Appeals, July 7, 1902.

1. **Appeal:** JUDGMENT; EXCEPTIONS TO ADMINISTRATOR'S FINAL SETTLEMENT: LAW: FACTS. An appeal from a judgment on exceptions to an administrator's final settlement extends to both law and facts.

2. **Probate Law:** PAYMENT OF CLAIMS: LIABILITY OF ADMINISTRATOR IN PAYMENT OF CLAIMS. Under the Missouri probate law, all allowed claims of one class are equally entitled to proportionate payment. If the administrator pays on any one claim more than its due proportion, without an order of the court, he must make good to the estate the excessive payment.

3. **Administrator:** REAL ESTATE: CLAIM FOR SURVEYING REAL ESTATE: ANNUAL SETTLEMENT: FINAL SETTLEMENT. Where an administrator has not been ordered by the court to take charge of the real estate of a deceased, he can not take credit for the expense of surveying a line between the property of the deceased and that of an adjoining proprietor, and the approval

of such an item in an annual settlement will not prevent its rejection on a final settlement.

4. ———: ORDER OF PROBATE COURT TO PAY INTEREST ON INCUMBRANCE. Interest paid by an administrator upon an incumbrance on the real estate of the deceased, without an order of the probate court, where the equity of redemption is afterwards lost by foreclosure, is not a proper item of credit in favor of the administrator. An order for the sale of the equity of redemption to pay debts of the estate does not of itself warrant the payment of such interest; but if it redounds to the benefit of the estate, the administrator will be required to give the estate that benefit; if it entails loss, the administrator must bear the loss.

5. ———: ———. The last-stated rule is applicable to the accounts of trustees generally who exceed their authority.

6. ———: ———. A subsequent ex parte order of approval of an improper payment of interest on incumbrances will not prevent the probate court from charging to the administrator on final settlement the loss occasioned by such payment.

7. Administrator: PAYMENT OF DEMANDS: ALLOWANCE BY PROBATE COURT: STATUTORY CONSTRUCTION. An administrator may not lawfully pay demands on debts of a decedent, without an allowance by the probate court, under section 224, Revised Statutes 1899. The change in that section is noted since the decision in Jacobs v. Jacobs, 99 Mo. 427, rendered under section 230, Revised Statutes 1879.

8. Construction of Statutes: A CHANGE IN THE TEXT OF A STATUTE IMPLIES AN INTENT TO ALTER THE LAW FORMERLY EXPRESSED THEREIN. The history of a law is an important factor in construing its final meaning.

9. Allowances in annual settlement subject to review in final settlement. Allowances approved in an annual settlement are subject to review upon the final settlement of an administrator, at the instance of any interested party.

10. Administrator: COMMISSIONS: DISBURSEMENTS. An administrator is only entitled to commissions upon disbursements which are finally approved by the court.

11. Rulings of Trial Court: PRACTICE, APPELLATE. It devolves on appellant to show error affirmatively; in the absence of that showing it is assumed that rulings of the trial court are correct.

12. Equity: MAXIM. It is a maxim of equity that he who takes the benefit should bear the burden.

Appeal from Webster Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Dickey & McDowell* and *Smith & Denton* for appellant.

(1) This cause, both as to the procedure and the rights of the parties thereto, is governed by the principles of equity. In re Est. of Meeker, 45 Mo. App. 86; Finley v. Schlueter, 54 Mo. App. 455; Hammons v. Renfrow, 84 Mo. 341; Hoffman v. Hoffman, 126 Mo. 487. (2) The claims which had not been formally allowed by the probate court, but which were shown to be just demands against the decedent's estate and as such provable against this estate as fifth-class claims and for which the probate court had made allowance by way of credits in the first annual settlement of the administrator, should have been allowed by the circuit court, at least *prorata* with other fifth-class claims, the approval of the probate court of the settlement, being tantamount to an allowance of these claims. McPike v. McPike, 111 Mo. 224. (3) The real estate of the deceased was assets in the hands of the administrator; and as such it was his duty to protect it from enforced sale, which could only be done by paying interest. Moody v. Peyton, 135 Mo. 490; Meeker v. Strait, 38 Mo. App. 204. (4) The administrator being in possession of the real estate, and there being a dispute between him and the adjacent landowner as to the dividing line, which dispute was threatening to ripen into a lawsuit, it was only good business management to avoid this by the expenditure of the small sum of $15, which is excepted to in exceptions numbered 18, 19 and 20. (5) It was the duty of the administrator to use the same care and diligence in the

preservation of the estate that an ordinarily careful
and prudent man would exercise in conducting his own
private affairs; and it was entirely proper and legal
for the administrator to pay the items of interest in
order to prevent the foreclosure of the mortgage on
the land, and so long as he exercised that care and
prudence and the probate court approved of his action
and allowed the payments of the interest as credits,
he is entitled to full credit for the same. It is unques-
tioned that the administrator paid this interest in good
faith in order to avoid a sale under foreclosure of the
mortgage, believing as he had been reliably informed,
and in obedience to his own judgment after personal
examination of the lands, that they were worth about
double the amount of the mortgage debt; and that he
was acting in the interest of the creditors and the es-
tate in making such payments. Lewis v. Carson, 16
Mo. App. 342; Meeker v. Straat, Admr., 38 Mo. App.
239; In re Estate of Meeker, 45 Mo. App. 186;
Scudder v. Ames, 89 Mo. 497.

*Mann, Sebree & Farrington* for respondents.

(1) The assets of an insolvent estate are to be
apportioned among the creditors in proportion to the
amounts due them severally at the date of apportion-
ment. In re McCune, 76 Mo. 200. (2) The lands of
a dead man descend to his heirs (or devisees, if so
the will reads) and the possession of the land and de-
fense of the title and all of its incidents belong to the
heirs or devisees and the personal representative has
nothing at all to do with it; no concern in the matter.
Aubuchon v. Lowry, 23 Mo. 99; Chambers, Admr., v.
Wright Heirs, 40 Mo. 482; 2 Werner's Administration,
sections 38 and 463. The equity of redemption of a
mortgagor in like manner descends to his heirs. Thorp

Vol 95 app—34

v. Miller, 137 Mo. 231. An administrator, as such, has only such power over the real estate of his decedent as are conferred upon him by section 129, article 7, Revised Statutes 1889, and in the absence of an order of the probate court, the administrator has no control whatever over the lands. Hall v. Bank, 145 Mo. 418. Where no order was made the administrator is entitled to no credit for money expended on real estate. Clark v. Bettlehein, 144 Mo. 274. The action of an executor in redeeming mortgaged real estate, having no order of the probate court ordering such redemption prior thereto, and the subsequent approval by the probate court of an administrator acting under section 142, article 7, chapter 1, Revised Statutes 1899, will not be valid. Scudder v. Ames, 89 Mo. 496. (3) The administrator improperly used money of the estate to pay off mortgage debts on the property without obtaining, in the first place, a general order to take charge of the real estate for the payment of debts, and, second, without a specific order authorizing the payment of the interest. 3 Jarvis on Wills (5 Ed.), 474, 477; 3 Williams on Administrators (6 Am. Ed.), 1801, 1802; Lake v. Meyer, 42 Mo. 389; Ross v. Julien, 70 Mo. 207; Green v. Holt, 76 Mo. 677, 678; Cape Girardeau v. Harbison, 58 Mo. 90. (4) The administrator had no authority to use funds to repair or improve real estate, and those credits should be disallowed. Monteer Estate, 7 Mo. App. 518; Richie v. Rivers, 62 Mo. 559. (5) The law makes it the duty of the executor to inventory all the real as well as personal property, and he may, under the order of the probate court, lease the real estate, collect rents, prosecute actions for the recovery of possession, discharge mortgages and other liens, and deliver the property to those entitled to it when not needed for the payment of debts. Lewis v. Carson, 93 Mo. 587. (6) If, after being first authorized by the court, an administrator lends out or invests

the funds in his hands, he does so at his peril. Ger-
esky v. Priest, 9 Mo. App. 270; affirmed in 78 Mo.
126. (7) Executors and administrators are allowed,
as full compensation for their services and trouble,
a commission of five per cent on personal property and
money arising from the sale of realty. Chap. 1, art.
10, sec. 222, R. S. 1899. Administrators are entitled
to commission on the actual value of the assets dis-
tributed by them. Ladd v. Stevens, 147 Mo. 319; Hitch-
cock v. Mosier, 106 Mo. 578.

BARCLAY, J.—This is an appeal from a judg-
ment in the circuit court upon exceptions to a final set-
tlement by defendant as administrator of Samuel W.
Walton, deceased. The proceeding originated in the
probate court where plaintiffs filed fifty-four excep-
tions to said settlement. They were fully heard in
that court and a judgment reached. The defendant
appealed to the circuit court where a trial anew took
place. The result of the trial was that a number of
the exceptions were sustained and some were not.
Both parties appealed to this court; but the appeal of
the plaintiffs was not followed up. It has been aban-
doned, and is ordered dismissed.

The appeal of the defendant, administrator, re-
mains.

We shall state the facts along with our rulings on
the points of law raised concerning them.

In view of the conclusion we have reached, it will
not be necessary to incumber the official report with
the particulars of the accounting.

At the outset we agree with the contention of ap-
pellant that the cause is to be heard here upon the law
and the facts. The scope of review of an appeal from
a circuit judgment on exceptions to the final settle-
ment of an administrator, involves an investigation of
the correctness of the judgment both as to the facts

and the law applicable thereto. This appears to us the rule of procedure either declared or assumed in recent precedents which deal with this subject. In re Danforth Estate, 66 Mo. App. (St. L.) 586; Clark v. Bettleheim, 144 Mo. 259.

We accordingly state the principles of law which we regard as governing the facts disclosed by the record before us.

2. One group of exceptions to the final settlement consists of credits claimed by the administrator for items duly allowed by the probate court as fifth-class claims, which he prematurely paid. It appears that the estate can not pay in full all allowances in that class; so the trial court gave credit to the administrator on those items for such amounts only as they would respectively be entitled to receive upon a ratable distribution of the fund applicable to all the demands allowed in that class. This was undoubtedly correct.

The law of our State is explicit in declaring that if the funds of the estate are "not sufficient to pay the whole of any one class, such demands shall be paid in proportion to their amounts" (R. S. 1899, sec. 210). If the administrator pays on his own motion, upon any demand, a greater sum than it is permitted to receive, under the rule just quoted, he must account to the estate for the excessive payment, as the trial court in this case required him to do.

3. Another claim of the administrator is for a group of credits for items of small demands against the estate, which had never been allowed, but which he paid and took credit for in one of his annual settlements. To support this claim the learned counsel for the administrator rely on the argument that those demands were just and valid. It is insisted that these credits are fully sanctioned by the decision in Jacobs v. Jacobs, 99 Mo. 427. That decision was founded upon a section

of the law of administration which applied to the case then in hand in the following terms:

"Sec. 230. Upon every settlement, the executor or administrator shall show that every claim for which disbursements have been made have been allowed by the court, according to law *or shall produce such proof of the demand as would enable the claimant to recover in a suit at law.*" R. S. 1879, sec. 230.

We have marked by italics that part of the section which was eliminated at the revision of 1889, when the section was changed into the form in which it now appears as section 224 (R. S. 1899, same as sec. 223, R. S. 1889).

The law as it stood in the revision of 1879 was of ancient origin in Missouri. In substantially the same terms it had been in force since 1822 (1 Terr. Laws Mo., p. 929, sec. 33; R. S. 1825, p. 117, sec. 60; R. S. 1835, p. 53, sec. 10). When we notice the nature of the change, we are bound to infer that the Legislature meant to alter decidedly the practice which had grown up under the prior law, and which the administrator in this case followed.

In arriving at the true intent of an existing law it is at least proper, if not, indeed, imperative, to observe the older law from which it was evolved, and to give such effect to changes as may seem to have been designed thereby. The legislative history of a statute is often (as in this instance) a helpful guide to the true meaning of the enactment as it last appears.

The alteration of the law in question was intended to make the allowance by the court an essential prerequisite to the payment of all ordinary demands against an estate.

The case of Jacobs v. Jacobs, 99 Mo. 427, is not applicable to the statute as it now reads, by which the case at bar must be governed.

The credits claimed, therefore, could not properly

be allowed to the administrator, where any interested party excepts or objects thereto on final settlement, as several creditors have done in this case. The credits accorded to the administrator for these items in one of the annual settlements were subject to review on the final accounting. The trial court was right in refusing to approve those items of credit, under the existing law.

4. Credit is asked by the administrator for items covering part of the expense of surveying a line between land owned by the deceased, Mr. Walton, in his lifetime and that of an adjoining proprietor. The trial court finally refused the credit on the ground that the administrator had never been ordered to take charge of the real property of the deceased, and had never been ordered to have the survey made. The items, however, had been included in one of the annual settlements which the probate court approved. But these facts do not improve the standing of the items, in view of the total absence of either of the orders of the probate court above mentioned, the positive language of the statute and the equally positive decisions construing it. R. S. 1889, sec. 130; Lake v. Meier, 42 Mo. 389; Hall v. Bank, 145 Mo. 418. The defendant can not support the items by invoking the probate order for the sale of the decedent's lands to pay debts. That order we can not assume to have been made prior to March 25, 1895, the date when defendant's petition therefor was filed. Even if the order for sale amounted to an order to the administrator to take charge of the land, there is nothing in this record to show that the items of expense of surveying, for which credit is claimed by the defendant, were incurred before or after the order for the sale of the land. If they were incurred before that order, the trial court was unquestionably right in its ruling. Here we must apply the familiar rule that it devolves on appellant to show error

affirmatively. In the absence of that showing we should assume that the ruling of the circuit court was correct.

5. The credit claimed by the administrator for interest paid on an incumbrance impressed upon the realty by deceased, during his life, was likewise disallowed for want of requisite orders to support such a payment.

Our statute deals with this topic as shown by the terms of section 143 (R. S. 1899). The probate court must apply its judgment to determine that steps to redeem incumbered real property shall be taken by an administrator. In default of any such order, payments by the administrator looking toward redemption of the land are at his peril. If they turn out to the advantage of the estate, he must needs account for the gains, as happened in Scudder v. Ames, 89 Mo. 496. If, on the other hand, his payments on that account involve a loss he will be obliged to bear that loss. This undesirable predicament of the administrator is caused by the operation of general principles of equity which courts inexorably apply to the conduct of trustees who venture beyond the confines of their trust.

The case last cited has been invoked as an authority to support appellant's contention here that the approval of annual settlements, including the expenditure of funds to pay interest on the incumbrance mentioned, amounted to, or dispensed with, a formal order to the administrator, under section 143 (R. S. 1899). The case, however, is distinguishable from that at bar in the important particular already adverted to. The court of last resort found as a fact in the Ames case that the act of payment by the administrator was beneficial to the estate, and as the latter reaped the benefit of the redemption of the land, it was bound equitably for the expense thereof, on the strength of the maxim that he who takes the benefit should bear the burden.

Broom, Max. 706. But the Ames decision is no authority to vindicate the expenditure by the administrator in this case where the outlay was unauthorized, was followed by a loss of the land by foreclosure, and provoked exceptions of creditors who insist that the administrator should shoulder the loss. The administrator's course was unwarranted, and we see no tenable ground on which to place a reversal of the circuit court's ruling concerning it. Keet v. Baker, 141 Mo. 175; Clark v. Bettelheim, 144 Mo. 258. The administrator, it is true, was fortified at the time by an order for the sale of the land (part of which was incumbered) to pay the debts of the estate and he was furthermore harassed, importuned and threatened with foreclosure by the holder of the secured demand. He also petitioned the probate court for an order of approval of the interest payments, after they were made and after the final settlement had been filed. The court made the desired order; but it was too late to protect the defendant. It could not make valid the unauthorized payments when challenged at the review of the final settlement by creditors having unsatisfied demands, duly allowed.

6. So far as concerns the commissions due to the administrator, the trial court limited them to his percentage upon disbursements which the court finally approved. Those which were not approved were held not entitled to be estimated in arriving at the administrator's charges. The appellant claims that the latter should have been included. We do not see it so.

7. It does not appear needful to comment specially on the other assignments of error further than to say that they fall within reach of the rulings already made.

There may seem to be some hardship in the conclusion we announce, but it results from the inexorable bearing of the law of our State concerning administra-

tion, which has fixed certain checks on the freedom of action of executors and administrators in winding up an estate. The hardship of a particular case does not warrant a departure from the mandates of a law intended for the protection of the beneficiaries of such trusts. We have no doubt that the administrator, in the case at bar, acted in good faith and with an entirely honest purpose. But in so far as he omitted to observe the steps pointed out by the statutes to justify the expenditures in question, he took the risk of the outcome which confronts him.

We find no error in the judgment of the circuit court. It is affirmed and the appeal of plaintiffs is dismissed. *Bland, P. J.,* and *Goode, J.* concur.