BENJAMIN F. HUTCHES, JR., ET AL., PROSECUTORS, v. THE BOROUGH OF HOHOKUS, DEFENDANT IN CERTIORARI.

Submitted July 5, 1911—Decided November 21, 1911.

1. The borough of Hohokus, under the act of 1902, being one of the boroughs included in the class of municipalities mentioned in said act empowered to purchase lands for public use, is, by virtue of such power to purchase, further authorized to condemn lands for such public use, by force of the act of 1903.

2. The act of 1906 amending the fifth section of the act of 1902 is not in contravention of that part of paragraph 4, section 7, article 4 of the state constitution, which declares: "No act shall be passed which shall provide that any existing law, or any part thereof, shall be applicable by inserting it in such act," since it merely provides for a method of procedure by which the act, which is complete in itself, may be carried into effect.

3. Where an object of the act is fully expressed in the title, an object unexpressed in the title. if wholly distinct and separable from the expressed object, may be excised from the body of the act.

4. The award made by the commissioners without specifically setting out what portion of the sum awarded represents the appraised value of the lands, and what portion represents the damages sustained by the taking thereof, was in compliance with the settled law of this state.

On *certiorari.*

Before Justices GARRISON, TRENCHARD and KALISCH.

For the prosecutors, *James T. Ackerman.*

For the defendant in *certiorari, Jacob Willard De Yoe.*

The opinion of the court was delivered by

KALISCH, J. A petition was filed by the borough of Hohokus to condemn certain lands described in said petition for park purposes for the use of its inhabitants under an act entitled "An act to provide for the purchase, construction and maintenance of public parks by the cities and other municipalities in this state." *Pamph. L.* 1902, *p.* 574. The fifth section of this act was amended by an act approved May 17th, 1906 (*Pamph. L., p.* 553), entitled "An act to amend an act entitled 'An act to provide for the purchase, construction and maintenance of public parks by cities and other municipalities in this state.'"

The amended section reads: "The lands purchased under this act may be paid for out of the proceeds of said bonds, and in case of condemnation, the mode of procedure shall be that provided in an act entitled 'An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use' (Revision of 1900), approved March 20th, 1900."

The plaintiffs in *certiorari* impugn the constitutionality of this amendment contending that it is in contravention of that part of paragraph 4, section 7, article 4 of the state constitution which declares: "No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of the act, or which shall enact that any ex-

isting law, or any part thereof, shall be applicable by inserting it in such act."

The act of 1906 does not come within the letter or spirit of the constitutional inhibition here invoked. It simply provides for a method of procedure by which the act may be carried into effect. This act is strictly in harmony with previous legislation of the same import which has been repeatedly upheld by the courts of this state and declared by them not to be within the constitutional interdiction invoked in this case. The explicit and unequivocal pronouncements of this court and of the Court of Errors and Appeals upon this topic do not leave this class of legislation open to any further practical controversy or discussion. *Campbell* v. *Board of Pharmacy,* 16 *Vroom* 241; *De Camp* v. *Hibernia Railroad Co.,* 18 *Id.* 49; *Christie* v. *Bayonne,* 19 *Id.* 409; *In re Haynes,* 25 *Id.* 24; *Kenny* v. *Belmar,* 32 *Id.* 23.

The plaintiffs in *certiorari* further contend that the act is unconstitutional because it is in violation of paragraph 4, section 7 and article 4 of the constitution, which declares: "Every law shall embrace but one object and that shall be expressed in the title," in that the title to the act of 1902 (*Pamph. L., p.* 574) reads "An act to provide for the purchase, construction and maintenance of public parks by cities and other municipalities in this state," whereas in the body of the act the right of condemnation is added to the object stated in the title. It is obvious that the body of the act includes an object not expressed in the title. But this does not vitiate the entire act. That part of the act providing for condemnation is wholly distinct and separable from the right to purchase and therefore leaves the right to purchase uninfected by its presence. The provision for condemnation may be excised without impairing the validity of the act. *Township of Union* v. *Rader,* 10 *Vroom* 509; *Fagan* v. *Payne,* 46 *Id.* 854.

That the validity of the condemnation proceeding cannot be upheld solely by virtue of the act of 1902, is conceded by the defendant and has judicial support. *Griffith* v. *Trenton,* 47 *Vroom* 23.

But, it is insisted by counsel for defendant, that by force of a supplement to the act entitled "An act relating to boroughs (Revision of 1897," *Pamph. L.* 1903, *p.* 393), which provides: "1. In all cases in which authority has been or may hereafter be given to boroughs to acquire lands for any public work, improvement or use by purchase, it shall be lawful for such borough to condemn and take such lands in the manner and by proceedings provided by law," and since by the act of 1902, boroughs were empowered to purchase lands for public parks, &c., hence, by the act of 1903, the right to condemn lands was conferred on the defendant. This contention is well founded and is supported by the decisions of our courts. *Philadelphia Safe Deposit and Insurance Co.* v. *Borough of Merchantville,* 46 *Vroom* 452.

Another objection urged by the plaintiffs in *certiorari* against the validity of the proceedings, is, that the act of 1900, which provides for condemnation of lands, does not provide for an appeal from the award of the commissioners, and is therefore in violation of that clause of the federal constitution which declares that "no state shall deprive any person of life, liberty or property without due process of law." This objection is wholly without substance. The act of 1900 was amended by an act of 1909 (*Pamph. L., p.* 225), whereby the express right of appeal is conferred upon any petitioner or owner of any land or property taken for public use from the report of the commissioners to the Circuit Court.

The final objection is aimed against the award of the commissioners, because they have not set out specifically what portion of the sum awarded represents the appraised value of the lands and what portion represents the damages sustained by the taking thereof.

This has been held not to be essential. The award of the commissioners was in compliance with the settled law of this state. *Pennsylvania Railroad Co.* v. *National Docks Co.,* 28 *Vroom* 86; *Bright* v. *Platt,* 5 *Stew. Eq.* 362; *Zimmerman* v. *Hudson & M. R. R. Co.,* 47 *Id.* 251.

The proceedings are affirmed, with costs.