---

HOWELL *v.* LAMBERSON.

Opinion delivered June 13, 1921.

1.  TAXATION—RIGHT OF TAXPAYER TO PAY PART OF HIS TAXES.—In the absence of a statute to the contrary, a taxpayer always has the right to pay the amount of any one tax listed against his land, while refusing to pay other taxes listed separately against it.

2.  STATUTES—CONSTRUCTION.—The primary object in the construc-

tion of statutes is to ascertain the intention of the Legislature from the language used.

3. TAXATION—FAILURE OF COLLECTOR TO COLLECT DRAINAGE TAX.—Under Crawford & Moses' Digest, § 3618, imposing a penalty upon a tax collector failing to collect drainage taxes along with the other taxes unless enjoined, and 1 Road Laws, 1919, p. 529, § 21, imposing a penalty on him if he shall "omit to advise" any taxpayer of the amount of his road improvement assessment when he pays his general taxes, a collector does not incur the above penalties where he demands the drainage tax or road assessment and endeavors to collect them.

4. TAXATION—PAYMENT OF GENERAL TAX ALONE.—Under Crawford & Moses' Digest, § 3618, and 1 Road Laws 1919, p. 529, § 21, a tax collector could not refuse to accept payment of general taxes because the landowner refused to pay his drainage or road improvement assessments, wishing to contest the same; the statute being directed against the collector and not against the landowner.

Appeal from Craighead Circuit Court; *R. H. Dudley,* Judge, affirmed.

STATEMENT OF FACTS.

On May 17, 1920, G. W. Lamberson and A. D. Lamberson filed a petition in the circuit court against Homer Howell as collector of the revenue of Craighead County, Arkansas, for a writ of mandamus to compel Howell, as such collector, to accept their payment of said county and school taxes upon certain lands situated in the county and owned by them which the collector had refused to accept.

As a defense to the action, the collector alleged that the petitioners owned lands in Drainage District Nos. 15 and 16 of Craighead County, Arkansas, and in the Tri-County Highway Improvement District, and that certain assessments were due and unpaid on said lands in said improvement districts.

The collector further alleged that he had refused to accept the tender of the general taxes for the reason that the petitioners had refused to pay at the same time these local assessments due as aforesaid.

The case was tried in the circuit court on an agreed statement of facts substantially as stated above. It was

adjudged by the circuit court that the collector be commanded to receive from G. W. Lamberson and A. D. Lamberson the State and county taxes tendered by them upon their lands as described in the complaint, and that he as such collector issue them a tax receipt therefor without payment or tender by them of the local assessments alleged to be due in Drainage Districts Nos. 15 and 16 in the Tri-County Highway Improvement District. No injunction had been issued prohibiting the collector from collecting the improvement district taxes. The case is here on appeal.

*Lamb & Frierson,* for appellant.

It is the duty of the collector to collect drainage and road taxes at the same time he collects the general taxes. C. & M. Digest, § 3618. This section is constitutional. It is not vague nor indefinite. All legislative enactments not prohibited by the Constitution are valid. 45 W. Va. 415; 74 N. Y. 183; 44 Minn. 97; 15 Fla. 410 (421); 76 Ala. 603.

Due process of law is secured if the laws operate on all alike and do not subject an individual to an arbitrary exercise of authority and powers of the government. 152 U. S. 377; 184 *Id.* 540; 183 *Id.* 471; 68 Tenn. 202; 38 Miss. 424 (458); 40 Ark. 296-300. C. & M. Digest, § 3618, does not deprive appellees of any vested right. 20 Miss. 347; 115 Ia. 220; 44 S. W. 981; 172 Mo. 318; 16 Serg. & R. 169 (191); 9 Gill 299 (309). It was error to refuse the declarations of law asked by appellant.

*H. M. Mayes,* for appellees.

It is clear, under the statute (C. & M. Dig., § 3618), the collector is not forbidden to accept any part of one's taxes, but it is his duty to collect all drainage and road taxes at the same time he collects the general taxes. The judgment below is clearly right. 28 Ark. 518-19. The collector should have accepted and receipted plaintiffs for such taxes as they desired to pay, as he has no discretion in the matter. 28 Ark. 518.

*Sloan & Sloan, amici curiae.*

Taxpayers have the right to pay their general taxes without regard to the drainage and road taxes, and the collector must receive them when offered without regard to other local assessment taxes.

HART, J. (after stating the facts). The record shows that the drainage districts were organized under the general drainage act. Section 3618 of Crawford & Moses' Digest, relative to the collection of drainage taxes in such districts, reads as follows:

"The amount of the taxes herein provided for shall be annually extended upon the tax books of the county, and collected by the collector of the county along with the other taxes, and for his services in making such collection the collector shall receive a commission of one per cent.; and the same shall by the collector be paid over to the county treasurer at the same time that he pays over the county funds. If any collector shall fail to collect the drainage tax along with the other taxes, he shall be subject to a penalty of one hundred dollars for each instance in which he shall collect from an individual the other taxes and omit the drainage tax, unless the drainage tax has been enjoined by a court of competent jurisdiction, to be recovered in a suit brought by the commissioners to the use of the district; and the county clerk shall be subjected to a like penalty for each case in which he shall fail to enter the drainage tax on the tax books."

The Tri-County Highway Road Improvement District was created under special act No. 186 of the Acts of 1919. Road Acts of 1919, vol. 1, p. 510. Section 21 of that act reads as follows:

"The county collector of each of the respective counties in which lands in said road improvement district are situated shall collect the several installments of the assessments of benefits during each year at the time he collects the general taxes; and if he shall omit to advise any taxpayer of the amount of his installment of the assessment of benefits during that year, at the time such tax-

payer is paying his general taxes, he shall be subject to
a penalty of one hundred dollars for each instance, which
may be collected by the commissioners by civil action or
by deducting said penalty from any fee due the collector
from said district.''

It is the contention of the collector that the effect
of these statutory provisions is to prohibit him from ac-
cepting a tender of the State and county taxes on the
lands in question unless the owners would pay the drain-
age and road taxes due and unpaid upon said lands at
the same time.

The agreed statement of facts in this case shows that
the plaintiffs tendered to the collector the amount of
State, county and school taxes levied on their lands, but
refused to pay the drainage and road improvement taxes
on the ground that they had not been legally assessed and
levied, and that they were going to contest the same
The collector refused the tender on the ground that under
the statute he was not allowed to collect the general taxes
without also collecting the improvement district taxes.
The object of this lawsuit is to compel him to receive the
general taxes without the payment of the improvement
district taxes.

In the absence of a statute to the contrary, a tax-
payer always has the right to pay the amount of any one
tax listed against his land while refusing to pay other
taxes listed separately against it. Cooley on Taxation
(3 ed.), vol. 2, pp. 808 and 809; 37 Cyc. 1164.

Among the cases cited in Cyc. is *Coit* v. *Claw*, 28
Ark. 516. In that case the court said that whether the
owner of real estate shall pay all taxes or pay one
kind and not another, or let his lands go to sale for
all or part, are questions for him and not for the col-
lector to determine. The question of whether this right
of the landowner has been taken away by the drainage
and road improvement district statutes set out above is
the issue raised by this appeal.

The primary object in the construction of statutes is to ascertain the intention of the Legislature from the language used, where that can be done. Tested by this rule, we do not think that either of the statutes referred to makes it obligatory upon the landowner to pay the local assessments imposed upon his land by the drainage improvement districts, or by the road improvement district, when he makes payment of his general taxes, State, county and school. The language of the statute shows that it is directed against the collector, and not against the landowner. The word "fail," as used in the drainage statute above copied, imports to become deficient or lacking, to leave unperformed, to omit, to neglect. Century Dictionary and Bouvier's Law Dictionary. The statute in question provides that if any collector shall fail to collect the drainage tax along with the other taxes, he shall be subject to a penalty of $100 for each instance in which he shall collect from an individual the other taxes and omit the drainage tax unless the drainage tax has been enjoined. We think the word "fail" implies in this statute an imposed duty upon the collector to collect the drainage tax at the same time he collects the general taxes, and is applicable only in case of neglect or omission of the collector to perform such duty. The word "fail", as used in the statute, covers both the intentional and unintentional nonperformance on the part of the collector. Where the collector has demanded the tax and endeavors to collect it from the landowner at the time he collects from him the general taxes and the landowner should tender his general taxes and contest the payment of the drainage tax and refuse to pay it, it could not be said that the collector failed to act or to perform his duty in the premises so as to subject himself to the penalty prescribed by the act. In such case he would be guilty of no delinquence, and failure to perform his duty could not be ascribed to him for the reason that he had done all that he was authorized to do in the premises. Under the terms of the statute, the collector could not refuse to accept a voluntary payment of the general taxes because

the landowner wished to contest the payment of his improvement taxes and on that account refused to pay the same. The language of the statute is in no sense directed against the landowner, and his right to pay his general taxes without paying the improvement taxes can not be taken away by any supposed intendment on the part of the Legislature. Such a right is a valuable one to the landowner and could in no event be taken away without direct and express language to that effect on the part of the Legislature.

The road improvement district statute uses the words "omit to advise." The reasoning we applied above to the use of the word "fail" in the drainage district statute applies with equal force here.

An argument is also made that a statute imposing a duty upon the landowner to pay his drainage and road improvement taxes as a prerequisite to his right to pay his general taxes would be unconstitutional. The views we have expressed render it unnecessary to pass upon this question.

It follows that the judgment must be affirmed.

SMITH and HUMPHREYS, JJ., dissenting.