NORTON *v.* NO FENCE DISTRICT NO. 2.

Opinion delivered April 14, 1930.

*Paul Miller,* for appellant.

*A. J. Johnson,* for appellee.

HART, C. J., (after stating the facts). One petition for the annexation of territory was filed on April 29, 1929, with the clerk of the county court. Another one was filed on December 20, 1929. On the third day of February, 1930, the two petitions were consolidated and set for hearing by the county court on the fifth day of March,

1930, and the clerk was directed to give the statutory notice. In giving the notice, the clerk embraced the land in both petitions in the same notice, and the proof of the publication of the same was duly filed in the county court.

The judgment of the county court recites that the two petitions were consolidated, and notice by publication was given as required by the statute. The order further recites that the court found that the lands set out in the two petitions are adjoining, and that they also adjoin the lands in the original fence district; that each of said petitions is signed by more than two-thirds majority in acreage and value of the lands therein set out, and that it would be to the best advantage that said lands be incorporated and made a part of the original fence district. Judgment was entered in accordance with this finding upon the records of the county court.

We do not think there was any error in consolidating the two petitions for hearing and in giving the statutory notice by embracing the land described in the two petitions in the same notice. The Legislature of 1927 passed an act to authorize additions to fence districts. Acts of 1927, p. 225. Section 1 provides that when any number of landowners owning land near or adjacent to any fence district organized pursuant to law shall present to the county court a petition in writing, accompanied by a map giving the description of the land which they desire to have enclosed in the fence district, it shall be the duty of the county court to give the notice by publication in the time and in the manner prescribed by statute, calling upon all persons interested to appear and show cause why the prayer of the petitioners should not be granted.

An examination of the two petitions shows that this section of the statute was complied with, and no prejudice could have resulted to any one from hearing the two petitions at the same time. The publication of the land described in the two petitions in the same notice was a substantial compliance with the statute. The reason for giving the notice was to enable any one interested to ap-

pear and show cause why the prayer of the petitioners for the annexation of their lands to the fence district should not be granted. The lands described in the two petitions were adjacent lands as well as being adjacent to the original fence district. No one could have been misled by the publishing of one notice instead of two.

Section 2 of the act which requires the county court to act upon the finding that the owners of the majority in value or acreage of the land annexed was complied with. Indeed, the record of the county court, which is not disputed, recites that a majority of two-thirds both in value and in acreage signed each of the petitions. So it will be seen that the statute in this respect was complied with.

Section 3 of the act provides that from the date of such order all lands which shall become a part of the fencing district shall thereafter be liable for any charges, taxes and assessments that are levied against other lands within the same district; that said lands so enclosed in said order shall be liable for any special assessments made by the commissioners of the district to help defray the cost and expense of making the alteration necessary to enclose said additional land, and said assessment shall be paid by the owners thereof.

It is the contention of counsel of appellant that this section does not provide any means of assessing the lands in the territory annexed for the purpose of altering the fences. This act must be read in connection with § 4655, et seq. of the Digest, under which the original fence district was established. It was evidently the intention of the framers of the act of 1927, authorizing additions to fence districts, to provide that the assessments should be made in the method prescribed by the statute authorizing the organization of the original districts. It does not in any way violate the provisions of article 5, § 29, of the Constitution, which provides in effect that no act may be amended by reference to its title, but that the act as amended must be set forth at length. The later act simply confers the power upon the county court to

annex territory to a fencing district when the requirements of the statute are complied with, and that the assessments made under it should be made under the existing statute as to procedure. *Wilson* v. *Magnolia Petroleum Co., ante* p. 391, and cases cited.

The Legislature had the right to change the boundaries of the original fencing district by providing for the addition thereto of adjacent lands when the sections of the act were complied with. *Henderson* v. *Dearing,* 89 Ark. 598, 117 S. W. 1066.

We find no prejudicial error in the record, and the decree will be affirmed.