Argued January 6; reversed January 24, 1933

## MILNE *v.* HESS, SHERIFF
### (18 P. (2d) 229)

*J. Arthur Berg,* of Coquille, for appellant.

*Wm. E. Walsh,* District Attorney, of Marshfield, for respondent.

KELLY, J. The question here involved is whether a person has a legal right to pay the amount of one tax levied against his property while refusing to pay other taxes separately listed against it.

Defendant's answer admits the material allegations of the alternative writ; and the affirmative matter set out in his further and separate answer is as follows:

"Defendant alleges that there is now due and owing from the plaintiff on the property described in said writ to Coos County, Oregon, the following sums of money, to-wit:

| State and County | School No. 31 | County Road | Total Tax |
|---|---|---|---|
| Tax-19.5 Mills | Tax-27.7 M. | Tax-2.8 Mls. | |
| $10.53 | $14.96 | $1.51 | $27.00." |

■ Defendant argues that section 69-708, Oregon Code 1930, and chapter 224, Oregon Laws for 1931, require all taxes levied by the various taxing agencies to be paid together. The purpose of these statutory provisions is to fix a definite time after which unpaid taxes shall be deemed to be delinquent and subject to the penalties prescribed in the later statute. It does not expressly, and we think that it does not impliedly, prohibit the payment of any single tax without paying other taxes then levied.

The case of *Horsefly Irrigation District v. Hawkins,* 121 Or. 366 (254 P. 825), is in harmony with that

construction. The experienced and learned jurist, Mr. Justice Henry J. BEAN, who spoke for the court in that case, said:

"An owner of lands in a district of either kind mentioned does not have the right to pay the other taxes upon his property and leave the district taxes unpaid and then defeat their collection in the regular manner."

The converse of this statement may be implied therefrom, namely, where it is not sought to defeat the collection of the other taxes in the regular manner, the owner of lands may pay one tax, leaving the others unpaid. In fact, this statement appears in that opinion:

"If the taxes, other than the district taxes, are paid prior to the request for a certificate, then the certificate should be issued for the remaining delinquent taxes."

This is a recognition of the fact that cases may arise where certain taxes are paid without payment being made of other taxes then listed against the property.

■ The defendant also calls attention to the rule that a legal discretion is vested in the court as to whether or not the extraordinary writ of mandamus should issue. The discretion, however, which the court may exercise is not an arbitrary discretion, but a judicial or legal one to be exercised on equitable principles and in accordance with well settled rules of law, and where, under these rules, a clear right to the issuance of the writ is shown, it is an abuse of discretion for the court to deny the application: 38 C. J., Mandamus, p. 549, § 18, and authorities there cited.

■ In his brief, defendant urges that the interest of the general public will be considered in determining whether or not the writ of mandamus should issue and,

when the issuance of the writ would disturb official action or create disorder or confusion, it may be denied. In the answer to the alternative writ, nothing is alleged upon which the suggestion of probable disorder or confusion may be based.

The sheriff is required by statute to keep, as a part of the records of his office, a collection register and to make therein proper entry showing the various amounts collected by him, the amount thereof collected for each and every separate fund, the year in which the tax collected became due, and the numbers and dates of the respective receipts given by him therefor. Section 69-714, Oregon Code 1930. The sheriff is also required, on the last business day of each week, to make a statement in quadruplicate of the exact amount of the cash and county orders by him collected for taxes, penalties and interest and what amounts thereof are to be credited to the several funds for which they are respectively collected, one of which statements shall be filed with the county clerk, one furnished to the school district, town, city, port or other municipal taxing agency for which each of such amounts are paid in, and one of which statements he shall retain on file in his office. The statute also prescribes that, at the time of making such statements, the sheriff shall exhibit to the county treasurer for examination and comparison his collection register and his stub book containing copies and receipts given by him for taxes; and make settlement with the county treasurer, furnish him with one of such statements, and pay over to such county treasurer all taxes collected by him for the various funds for which he shall have collected taxes during the period covered by such report. Section 69-711, ibid.

In view of these provisions of the statute, requiring a segregation by the sheriff of the taxes collected into the respective funds for which such taxes were paid and a weekly report thereupon, we think that no material confusion or inconvenience will ensue in any given case where but one fund receives the tax due and payable to it.

It is also suggested in defendant's brief, that to permit a taxpayer to pay one tax without paying all taxes listed and due will let the respective tax levying bodies become competitors in seeking to have their particular tax paid ahead of all others. It would not be an unmixed evil if each department should constantly conduct its administration in such a way as to enlist the sympathy and approval of the taxpayers to such an extent as to engender a desire that the taxes due to such department should be paid at all hazards.

While the foregoing discussion, we hope, discloses that we have given consideration to the arguments advanced by defendant, we wish it to be understood that our decision herein is based upon approved authorities and is not res nova.

This court has spoken, and, in so doing, has held that it is the privilege of a taxpayer to pay several independent taxes and compel their application by mandamus: *Central Pacific Ry. Co. v. Gage,* 96 Or. 192 (189 P. 643).

It is said that the holding in that case is restricted to those cases where the taxpayer contends that the tax not proffered or paid is invalid and unenforceable. We think that the teaching of that case is to the effect that the question of the validity or invalidity of the unpaid taxes is not to be considered in the man-

474

damus proceeding, but must be postponed until presented by an application for injunction when the sheriff attempts to collect the unpaid taxes.

The right of a taxpayer to pay a single tax, without paying the other taxes then listed and levied against him, is supported by the following authorities: Vol. 3, Cooley on Taxation (4th Ed.) 2491, § 1253, note 61; 37 Cyc. 1164; *Howell v. Lamberson et al.*, 149 Ark. 183 (231 S. W. 872).

The case of *State v. Hoffman*, decided by the supreme court of Texas, 109 Tex. 133 (201 S. W. 653), holds that a tender of taxes legally due relieves the taxpayer from penalties otherwise ensuing by reason of nonpayment although no tender is made of the invalid tax; but in that case it is also stated that the collector was not required at the time of the tender to accept less than the full amount of the taxes assessed. To the writer, this requires the doing of a vain thing, as a prerequisite to the assertion of a well-recognized right, namely, the tender of admittedly valid taxes to an officer, who is under no obligation to receive them as a prerequisite to the right to enjoin the collection of an invalid tax. The writer is of the opinion that, where a tender is required to be made, the duty to accept the sum tendered constitutes the basis for the relief which the one making such tender thereby secures.

During the oral argument of this case, defendant cited *Michigan-Grand Bldg. Corporation v. Barrett*, 350 Ill. 291 (183 N. E. 205). This was a proceeding instituted by the filing of a petition for mandamus to compel the board of review to review and correct assessments on plaintiff's property and to compel the county clerk to

extend taxes against petitioner's property. We quote one paragraph from the opinion rendered by Mr. Chief Justice Heard in that case:

"When we search the record in this case, we find from the admitted facts that the improvements upon the premises (upon which appellant sought to evade the payment of any tax whatever for the reason that the roof had not been completed until in April, 1929,) consisted of a 17-story re-enforced concrete construction store and office building, 100 by 125 feet, placed thereon in 1928 and completed before April 1, 1929, and insured for $1,000,000. The cost of these improvements appellant in its application to the board of review declined to give, although this was a part of the information required to be given, upon which the assessment against neither the land nor the improvements for the year 1929 as admitted was excessive, arbitrary, or illegal; that the board of review reviewed the assessment listed upon the property of appellant, and was of the opinion that an increase in valuation would not be made upon full information furnished by the taxpayer, as required by the rules of the tax commission, and the information furnished by the board of assessors, and made no change in the assessment; that the quadrennial assessment list upon which such changes were made was not at the time of the hearing of this cause by the circuit court in the possession of the board of review, but was in the possession of the board of assessors for the purpose of making the changes required to be made therein for the 1930 assessment; that it is apparent upon the face of the complaint made by appellant to the board of review, under the admitted facts in this record, that appellant's property had not been overassessed, and that it was not entitled to any reduction of assessment, but, on the contrary, the valuation placed thereon by the board of assessors was less than that required by law to give uniformity between such property and property of like kind and value throughout the several counties of

the state of Illinois. It is therefore apparent that, were a writ of mandamus to be awarded in this case, no beneficial result would be attained, but, on the contrary, as shown by the admitted facts set up in the answers, greater confusion than that now existing in Cook county with reference to taxation would be caused.''

The distinction between that case and the case at bar is obvious.

For the reasons herein stated, the judgment of the circuit court is reversed and this cause is remanded with instructions to the trial court to sustain plaintiff's demurrer to defendant's answer and for such other and further proceedings as may not be inconsistent herewith.

*Reversed and remanded with directions.*