[L. A. No. 16697. In Bank.—August 5, 1938.]

LOEW'S INCORPORATED, Petitioner, v. H. L. BYRAM, County Tax Collector, etc., Respondent.

Loeb & Loeb and Herman F. Selvin for Petitioner.

J. H. O'Connor, County Counsel, and Beach Vasey, Deputy County Counsel, for Respondent.

Marshall Stimson, as *Amicus Curiae,* on Behalf of Respondent.

SHENK, J.—This is a proceeding in *mandamus* to compel the respondent as tax collector of Los Angeles County to accept and receipt for the petitioner's tender of general taxes on its property separately from the special assessments levied under the Acquisition and Improvement Act of 1925. (Stats. 1925, p. 849.)

The petitioner is the owner of numerous parcels of land in Culver City, Los Angeles County. Prior to 1931 improvements were constructed thereon the cost of which was provided for by the formation of improvement districts and the issuance of improvement bonds to be retired by special assessments levied in accordance with the provisions of said act. On December 4, 1937, the petitioner tendered to the respondent all taxes for the fiscal year 1937–1938 on certain parcels located in Culver City Acquisition and Improvement District No. 4, Zone D, except the special assessments thereon levied under said act. The respondent refused the tender, stating as the ground for his refusal that the payment of said special assessments could not be made separately from the payment of county taxes on said property, and that the duty of collecting said special assessments under said act together with and not separately from taxes for county purposes was enjoined upon him by law.

As originally enacted section 41 of the Acquisition and Improvement Act of 1925, so far as pertinent, provided as follows:

"Such special assessment taxes shall be in addition to all other taxes levied for state and county purposes, or for municipal purposes (as the case may be), and shall be levied, computed, entered, collected and enforced in the same manner and by the same persons and at the same time with the same penalties and interest as are other taxes for state and county purposes, or for municipal purposes (as the case may be), and all laws applicable to the levy, collection and enforcement of taxes for state and county purposes or for municipal

purposes (as the case may be) are hereby made applicable to said special assessment taxes.''

The foregoing provision was amended in 1927 (Stats. 1927, p. 1376) so as to eliminate all reference to the method of levying, collection and enforcement of taxes for ''state'' purposes and all reference to laws applicable thereto. Otherwise the provision remained the same and was in effect when said District No. 4, Zone D, was organized and the bonds issued for the payment of which the assessments involved herein were levied. As so amended the statute remained the same until August 14, 1931, at which time another and a very significant amendment thereto became effective. By this amendment the foregoing provision as amended in 1927 was reenacted and the following paragraph was added: ''Such special assessment taxes shall be collected and enforced together with, and not separately from, taxes for county purposes or for municipal purposes, as the case may be.'' (Stats. 1931, p. 1555.)

It is apparent that the amendment of 1931 is all-sufficient to require the collection of special assessments to pay for bonds issued under proceedings taken under said act after the effective date of the amendment ''together with, and not separately from'' taxes for county purposes, and no contention is made by either party to the contrary. It is contended by the petitioner and not seriously disputed that if the original statute did not require the collection of special assessments under said act ''together with, and not separately from'', taxes for county purposes, the amendment of 1931 would not be applicable to special assessments levied under said act pursuant to proceedings. taken and bonds issued prior to the date of the amendment. This is so under the doctrine of *County of San Diego* v. *Hammond*, 6 Cal. (2d) 709 [59 Pac. (2d) 478, 105 A. L. R. 1155]; *Shouse* v. *Quinley*, 3 Cal. (2d) 357 [45 Pac. (2d) 701]; *County of Los Angeles* v. *Rockhold*, 2 Cal. (2d) 192 [44 Pac. (2d) 340, 100 A. L. R. 149]; *County of San Diego* v. *Childs*, 217 Cal. 109 [17 Pac. (2d) 734]; *Jeffreys* v. *Point Richmond Canal etc. Co.*, 202 Cal. 290 [260 Pac. 548]. But it is the contention of the respondent that the language of section 41 as originally adopted sufficiently authorized him to demand that the petitioner's special assessments under said act be

paid "together with, and not separately from" taxes for county purposes; that the amendment of 1931 added nothing to his authority and duty in that regard, but was adopted merely for the purpose of statutory clarification.

It is not difficult to conclude that clarification of the statute and a material change therein were both accomplished by the amendment. To determine whether the language of the original section was broad enough to justify the position of the respondent, we look to the law in other jurisdictions to ascertain the rights of the taxpayer under similar if not identical statutory provisions, for the reason that the question is of first impression in this state. Elsewhere it is established without conflict of authority that in the absence of clear statutory provision requiring payment of special assessments together with and not separately from taxes for county purposes the taxpayer has the right to pay separately. The cases in point are collected in an annotation found in 89 A. L. R. commencing at page 715 following the statement of the general rule as follows:

"The general rule is that where separate and independent taxes have been levied against the property of a taxpayer, he has the right to pay the full amount of any one tax without paying the others." The cases annotated follow the text of the opinion in *Milne* v. *Hess*, 141 Or. 469 [18 Pac. (2d) 229, 89 A. L. R. 711], wherein it was held that a taxpayer's right to pay one tax levied against his property while refusing to pay other taxes thereon is not affected by statutes providing that all taxes levied by taxing agencies or districts shall be collected by the same officer in the same manner and at the same time as county taxes, and fixing a date after which unpaid taxes shall become delinquent. (See, also, *State* v. *Cole*, 43 Wyo. 209 [299 Pac. 1040].)

Counsel for both parties seem to be of the impression that the case of *Moore* v. *Gas Securities Co.*, 278 Fed. 111, is contrary to the general rule. A careful reading of the opinion discloses that such is not the case. There the statute made it the duty of the county treasurer of each county in Colorado in which any irrigation district was located to collect and receipt for all taxes levied as provided by law in the same manner and at the same time "and on the same receipt" as required in the receipt for the collection of taxes

upon real estate for county purposes. The comments on that case in *State* v. *Cole, supra,* satisfactorily establish the fact that the Moore case is in harmony with and not contrary to the general rule.

 But it is insisted that the original section denied the right to pay separately and was fully as effective for that purpose as the amendment of 1931. There is a rule of statutory construction which leads to the contrary conclusion. That rule is stated and approved in *People* v. *Weitzel,* 201 Cal. 116 [255 Pac. 792, 52 A. L. R. 811], from which we quote: "In *United States* v. *Bashaw,* 50 Fed. 749 [1 C. C. A. 653], it was said: 'The very fact that the prior act is amended demonstrates the intent to change the pre-existing law, and the presumption must be that it was intended to change the statute in all the particulars touching which we find a material change in the language of the act.'

" 'Where changes have been introduced by amendment, it is not to be assumed that they were without design; usually an intent to change the law is inferred.' (*In re Segregation of School Dist. No. 58,* 34 Idaho, 222 [200 Pac. 138].) In *Rieger* v. *Harrington,* 102 Or. 603 [203 Pac. 576, 580], it was said: 'By amending that statute, the legislature demonstrated an intent to change the preexisting law, and the presumption must be that it was intended to change the meaning of the statute in all the particulars wherein there is a material change in the language of the amended act.' To the same effect are the following authorities: *Springfield Grocer Co.* v. *Walton,* 95 Mo. App. 526 [69 S. W. 477]; *Duff* v. *Karr,* 91 Mo. App. 16; *Pierce* v. *County of Solano,* 62 Cal. App. 465 [217 Pac. 545]; *Shearer* v. *Flannery,* 62 Cal. App. 91, 94 [228 Pac. 549]."

The amendment of 1931 therefore effected a material change in the statute when it provided by specific language that the special assessment taxes should be collected together with and not separately from the taxes for county purposes, and thus deprived the taxpayers of the right to pay separately—a right which he had prior to the amendment.

We conclude that the petitioner is possessed of the right asserted to pay its general taxes separately from the special assessment taxes levied under the Acquisition and Improvement Bond Act of 1925, and that the amendment of 1931,

having been passed after the rights of the petitioner became fixed under the original statute, has not affected that right.

Let the peremptory writ issue as prayed.

Waste, C. J., Seawell, J., Edmonds, J., Curtis, J., and Langdon, J., concurred.