116 P.2d 584

**TONDRE et al. v. GARCIA, County Treasurer, et al.**

No. 4545.

Supreme Court of New Mexico.

Aug. 16, 1941.

434

George R. Craig and Stanley W. P. Miller, both of Albuquerque, for appellant.

Fred Nicholas, of Albuquerque, and Carl H. Gilbert, of Santa Fe, for appellees.

James H. Pershing, Robert G. Bosworth, and Louis O. Kelso, all of Denver, Colo., amici curiae.

BICKLEY, Justice.

This is a representative suit for a declaratory judgment. It was instituted by

the plaintiffs, here the appellees, owners of lands situate in the county of Valencia and within the Conservancy District. The complaint tendered the following issues:

1. That the defendant County Treasurer had unlawfully refused to accept the payment of state and county taxes, duly tendered by the plaintiffs, basing such refusal upon the assertion that the same could not be paid unless all Conservancy District assessments against the plaintiffs' lands were also paid at the same time.

2. That tax sales previously held by the defendant County Treasurer and an additional threatened tax sale were illegal because the Treasurer included therein the principal, interest and penalties on delinquent state and county taxes which had been previously tendered.

3. That the Conservancy District's special benefit assessments against the lands of the plaintiffs were illegal for various specified reasons. Inasmuch as the trial court ruled that the plaintiffs could not maintain this contention in the case at bar, and no review being sought of such ruling, this specific issue is immaterial except historically, and for incidental bearing on affirmative issues presented by defendants.

The answer was directed, in the main, to the allegations with respect to the alleged illegality of Conservancy District assessments. It did not deny the tender by the plaintiffs of their state and county taxes, nor the refusal of such tender by the defendant County Treasurer. This tender was kept good by further allegations of the complaint which were not denied.

By way of new matter the answer pleaded res judicata as to the legality of the Conservancy District assessments, pleaded that bonds of the District had been issued and were outstanding, and further pleaded that there was pending in the United States District Court for the District of New Mexico, a cause entitled "J. A. Carpenter et al. v. Middle Rio Grande Conservancy District" (hereinafter referred to as the Carpenter case), in which the court had impressed the funds derived and to be derived from District assessments and levies with a trust in favor of the bondholders and had ordered the District to collect its assessments in sufficient amount to pay its outstanding bonds. It further pleaded that the United States Court, in the Carpenter case, had assumed jurisdiction over the District's funds and had retained jurisdiction for the purpose of making further orders, and, therefore, that the present case presented a conflict of jurisdiction between the two courts.

The reply was also largely directed to the issue of the legality of the Conservancy District assessments. In reply to the defendant's plea of another action pending, the plaintiffs pleaded that there was a lack of identity of parties, subject matter and issues between the two causes, that the decree in the Federal Court cause was entered by consent, upon stipulation, without any bona fide contest of the issues, and that the Federal Court, in that case, had

denied applications for leave to intervene and set up certain of the issues presented in the present case, such applications having been made by certain land owners in their own behalf and in behalf of all others similarly situated. The plaintiffs denied that there was any conflict in jurisdiction between the two causes.

Some five months after the answer was filed, the defendant filed a plea in abatement, questioning the jurisdiction of the District Court of Valencia County and maintaining that the Conservancy Court, i. e., the District Court of the Second Judicial District, had original and exclusive jurisdiction to try the matter set forth. This plea in abatement was overruled. Thereafter, upon a stipulation of facts the case was heard by the District Court. Findings of fact, conclusions of law, and a decree including an injunction were rendered thereafter by the court.

The decree ordered the defendant County Treasurer to accept payment of state and county taxes irrespective of delinquencies in Conservancy District assessments and allowed the plaintiffs and all others similarly situated to make good their tender and pay such state and county taxes within a reasonable time fixed by the decree. It further held the tax sales, in which those tendered state and county taxes had been included, to be illegal and enjoined the issuance of tax deeds thereunder. By declaratory judgment, the court also found that the tax sale provisions of our revenue laws were not applicable to delinquent Conservancy District assessments, but awarded no injunctive relief in that respect.

Further pertinent facts will be mentioned in the course of this opinion.

Appellees say that appellants have not complied with our rules respecting assignments of error in that such assignments have not been separately stated, but improperly commingled. We find it convenient to notice appellees' points relied upon in support of the judgment as follows:

1. The trial court correctly overruled the plea in abatement.

2. The trial court correctly ruled that the federal court litigation was not a bar to the present proceeding.

3. The County Treasurer could not legally refuse to accept the tender of state and county taxes, even though unpaid Conservancy District assessments against the same lands were not also tendered.

4. The County Treasurer could not legally sell lands for both state and county taxes and Conservancy District assessments after wrongly refusing a tender of state and county taxes.

5. The provisions of our general tax laws, requiring the sale of property for delinquent state and county taxes are not applicable to delinquent Conservancy District assessments.

In support of the plea in abatement defendants argue that the Conservancy Act, Comp.St.1929, § 30-101 et seq., designates the District Court of Bernalillo County as

the "Conservancy Court", this being the county wherein the petition for the organization of the Conservancy District was filed and the lands in the Conservancy District lying in more than one judicial district, and, that the Conservancy Court for all the purposes of the Conservancy Act, except as otherwise provided "maintain and have original and exclusive jurisdiction co-extensive with the boundaries of said district". Comp.St.1929, § 30-201(2).

That among the purposes of the Conservancy Act is the organizing of the District, the levying of the assessments, the validating of the assessments, the collection of the assessments, the enforcement of the collection thereof. That such Conservancy Court has exclusive jurisdiction over the officers of the District including the issuance of mandamus to compel the Treasurer of Valencia County, who is ex-officio Treasurer of the Conservancy District, one of the defendants herein, to perform his statutory duty to collect and enforce the collection of the Conservancy assessments in the manner and at the time provided for in the Conservancy Act.

The statutory duty alluded to by defendants is found in paragraph 5 of Sec. 30-514, N.M.S.A., 1929, and is as follows:

"Such assessment shall become due and shall be collected during each year at the same time and in the same manner that state and county taxes are due and collectible; and if further assessments in any year are necessary, to effectuate the provisions hereof, such assessment shall be levied, evidenced and certified as herein provided in apt time and not later than the first day of December in such year, to the assessor of each county in which the property subject to such assessments is situate, and with like effect as in case of other assessments.

"If a county treasurer shall wilfully neglect or fail to collect any assessment provided for herein at the time of the collection of other taxes, he shall be subject to a penalty of one hundred ($100.00) dollars for each such failure, unless the collection of the assessment has been enjoined by order of a court of competent jurisdiction; such penalty to be recovered in a suit brought by the board to the use of the district."

So the appellant argues that if the Conservancy Court is the proper and only one which may force the Treasurer to make collections of Conservancy assessments, it also must be the proper and only one to issue injunctions against him. The argument is faulty. The mandamus proceedings referred to in the Conservancy Act are designed to force the Treasurer to discharge a duty which the law imposes. The injunction proceeding, on the other hand, seeks to enjoin him from doing a wrongful act. If the injunction proceeding be well founded, the act sought to be enjoined is not one which the law directs or permits him to perform. In attempting to commit such act he is not carrying out any provision of the law under which the District is created and acting as an officer of the District, but as an individual, merely acting under color

of his office. See State ex rel. Evans v. Field, 27 N.M. 384, 201 P. 1059.

Furthermore, there is a supportable inference in the Conservancy Act itself to the effect that the Conservancy Court does not have exclusive jurisdiction to determine the collectibility of the assessments. Thus, Section 30-514 (5) provides that the Treasurer is relieved of his statutory duty to collect the assessments if the collection thereof "has been enjoined by order of a court of competent jurisdiction". If it had been the legislative thought that this type of controversy was within the sole jurisdiction of the Conservancy Court, the broad language employed would not have been used.

We think counsel for appellant also overlook the dual capacity in which the Treasurer acts. As County Treasurer it is his duty under the law to collect state and county taxes and properly to disburse same. As one of the ex-officio Treasurers of the Conservancy District he is charged with the duty of collecting and handling the funds of such District. In addition to his official bond as Treasurer, he is required to give a separate bond as ex-officio Treasurer of the District. 30-525, Comp. 1929.

It is as County Treasurer solely, not as Treasurer of the Conservancy District, that the individual who holds both offices is obligated to accept state and county taxes when tendered. The District is primarily interested in the discharge of the Treasurer's obligation to collect Conservancy District assessments. The County and State, as well as the taxpayers generally, have a direct interest in the County Treasurer's proper discharge of his duty to collect state and county taxes and in his duty to receive the same when tendered by the taxpayer.

It is conceded by appellant-defendant that since the court's decree held that the plaintiffs had no legal right to question, in the case at bar, the legality of the Conservancy District assessments, the question of jurisdiction of the Conservancy Court on that tendered issue, in its bearing on the plea in abatement, is of no importance in our consideration of this plea.

Passing by the contention of plaintiffs, ably argued, that the right of defendants to plead in abatement was lost and that the plea must be deemed to have been waived because it offends against Rule 105-408 of the Rules of Pleading, Practice and Procedure in having been filed after answer and because of going to trial after an adverse ruling on the plea, we hold that on the issues presented and decided adversely to appellant in the lower court and here, the trial court did not prejudicially err in denying the plea in abatement. We do not think the jurisdiction of a district court other than the Conservancy Court to prevent wrongs may be successfully challenged merely because such District may be incidentally interested in the outcome of the litigation. This is not the kind of a case that is exclusively within the jurisdiction of the Conservancy Court.

For convenience, we next take up the point No. 5 to the effect that the provisions

of our general tax laws, requiring the sale of property for delinquent taxes are not applicable to delinquent Conservancy District assessments. The last foregoing assertion is the basis for the following portion of the trial court's decision given under the plaintiffs' prayer for a declaratory judgment:

"3. That the County Treasurer of Valencia County has no power or authority to sell tracts of land at tax sale for Middle Rio Grande Conservancy District special benefit assessments or for the penalties or interest thereon or for both such delinquent assessments and state and county taxes, his power and authority in making such sales being limited to the sale of lands for delinquent taxes with interest and penalties thereon other than conservancy district assessments."

Concededly, no provision is directly made by the Conservancy Act for the sale of lands for Conservancy District assessments at general tax sale. It is contended by the appellant, however, that such provisions are incorporated in the Conservancy District Act by reference, by the following portion of the statute (See § 30-516, Comp.1929): "The revenue laws of this state for the assessment, levying, and collection of taxes for state and county purposes, except as herein modified, shall be applicable for the purposes of the district in the collection of assessments including the enforcement of penalties and forfeiture for delinquent taxes."

Plaintiffs' counsel say of these provisions: "This raises two questions: First, does it, because of the above statutory provision 'except as herein modified', when read in connection with the other provisions of the conservancy act, serve to exclude from the attempted incorporation by reference of the revenue laws of the state that part of those laws which provides for the sale of land for delinquent taxes; second, is the attempted incorporation by reference of the revenue laws constitutional?"

The trial court's declaratory judgment on this point does not disclose which of these two theories was the basis of its declaration. Counsel for plaintiffs present an interesting argument to the effect that the revenue laws, on account of claimed modifying provisions of the Conservancy Act, would be unworkable in the case of a sale of property for both state and county ad valorem taxes and for delinquent Conservancy District assessments at the same time. Counsel for the defendant-appellant and amici curiae argue just as vigorously that it is workable. We think it inappropriate for us to declare how it will work. We are not convinced that it will not. We think the contention of plaintiffs that Sections 514 and 516 of the Conservancy Act when considered with other portions of the Act are uncertain, indefinite or blind must fail and therefore pass to the constitutional question.

It is claimed by plaintiffs that the attempt in §§ 514 and 516 of the Conservancy Act to extend the general provisions of our

revenue laws to cover Conservancy District assessments, merely by general references to these revenue laws, offends against the provisions of Sec. 18 of Article 4 of our Constitution, which provides: "No law shall be revised or amended, or the provisions thereof extended by reference to its title only; but each section thereof as revised, amended or extended shall be set out in full."

The legislative practice of adopting by reference the procedure for the effectuation of existing rights and obligations to new rights and obligations presently established is widely prevalent and has been much employed in this state and ought not to be destroyed or curtailed unless clearly unconstitutional. If such enactments are void, our session laws must be incumbered to an extent which can scarcely be conceived.

In the case of Davy v. McNeill, 1925, 31 N.M. 7, 240 P. 482, the Court had before it the suit to enjoin the issuance of the bonds of the Bluewater-Toltec Irrigation District, upon the grounds of invalidity of the Act creating the District. Section 22 of the Irrigation Act involved provided in part as follows: "The revenue laws of this state for the assessment, levying and collection of taxes on real estate for county purposes, except as herein modified, shall be applicable for the purposes of this act, including the enforcement of penalties and forfeitures for delinquent taxes." 240 P. at page 496.

At the time of that case, the only method provided for collection of general taxes was by foreclosure of the tax lien by suit in the district court. The plaintiff argued that this amounted to a deprivation of due process, because the general revenue laws limited defenses which could be interposed to the suit in the district court to foreclose a tax lien. Holding against this contention, the concurring opinion states:

"Bearing in mind the difference in the nature of the general taxes and the special taxes provided by the irrigation district act, and considering section 22 thereof, and the apparent modification of the general revenue law in the matter of assessment and otherwise, we construe section 22 of the irrigation district act to mean that the revenue laws of this state for the assessment, levying, and collection of taxes on real estate for county purposes are applicable for the purposes of this act, except where the provisions of the general revenue act may be inapplicable."

In view of these pronouncements and provisions contained in the Conservancy Act, we think plaintiffs' fears that they may not have an opportunity to urge any defense they may have to the validity of the Conservancy District assessments are groundless. In fact, it would appear that the applicability of the revenue laws has been modified, since the assessment and levying procedure is provided within the Conservancy Act itself, and further by the provision contemplating a possible restraint by a court of competent jurisdiction upon the County Treasurer proceeding to collect.

The decisions in states having constitutional provisions similar to ours are against

the position taken by plaintiffs in this case. The following are illustrative of decisions holding that situations presented in the case at bar are not obnoxious to constitutional provisions similar to Art. 4, § 18 of our Constitution. Jernigan v. Harris, 1933, 187 Ark. 705, 62 S.W.2d 5; Norton v. No Fence District No. 2, 1930, 181 Ark. 560, 26 S.W.2d 878; Hunter v. City of Louisville, 1924, 204 Ky. 562, 265 S.W. 277; Service Feed Co. v. City of Ardmore, 1935, 171 Okl. 155, 42 P.2d 853; City of Pond Creek v. Haskell, 21 Okl. 711, 97 P. 338; City Council of Montgomery v. Birdsong, 1900, 126 Ala. 632, 28 So. 522; State v. Gallatin County High School Dist., 1936, 102 Mont. 356, 58 P.2d 264; Department of State Highways v. Baker, 1940, 69 N.D. 702, 290 N.W. 257, 129 A.L.R. 925; Hurlburt v. Banks, 52 How.Prac., N.Y., 196; Hutches v. Borough of Hohokus, 1911, 82 N.J.L. 140, 81 A. 658; Geer v. Board of Commissioners of Ouray County, 8 Cir., 1899, 97 F. 435.

The New Mexico cases of State v. Armstrong, 31 N.M. 220, 243 P. 333, and Yeo v. Tweedy, 34 N.M. 611, 286 P. 970, and In re Heiman's Will, 35 N.M. 522, 2 P. 2d 982, while not sufficiently analogous to the instant case in point of fact to be conclusive, support in principle the view that Sections 514 and 516 of the Conservancy Act are not obnoxious to the provisions of Art. 4, § 18 of our Constitution, and we now hold that they are not.

Plaintiffs' principal contention, in which they were sustained by the trial court, is that the defendant Treasurer of Valencia County unlawfully refused to accept their tenders of state and county taxes without payment by plaintiffs at the same time of Conservancy District assessments. We think the trial court decided this issue correctly.

The defendant-appellant and amici curiae state that they are in full agreement with the general rule as drawn from the 89 A.L. R. 715 annotation on the "Right of taxpayer to pay one tax against property without paying other taxes against it," as follows: "The general rule is that where separate and independent taxes have been levied against the property of a taxpayer, he has a right to pay the full amount of any one tax without paying the others."

They say, however, that general rules do not apply where the express statutory provisions provide otherwise. Of course, but that is not the situation in the instant case. Because Section 514(5) of the Conservancy Act provides in effect that: "Such assessment shall become due * * * at the same time * * * that state and county taxes are due * * *" and "such assessment * * * shall be collected during each year at the same time and in the same manner that state and county taxes are * * * collectible," it does not follow that both Conservancy assessments and general taxes must both be paid simultaneously, "at the same time".

In the first place, Section 30-515 of the Conservancy Act manifests a legislative solicitude that state and county taxes shall

have first place in the collection schemes. It is provided in effect that the lien of general or special state and county taxes shall be paramount to the lien of the Conservancy District assessments. Having taken this position, it is difficult to conceive why the legislature would make the collection of state and county taxes dependent upon the payment of the Conservancy assessments "at the same time". In other words, we see nothing in the language of the statute to indicate a legislative intention to relax an established policy of paramountcy of general taxes by making such taxes a scapegoat for the collection of Conservancy District assessments which have been postponed, at least from the standpoint of dignity and priority of coercive satisfaction.

Of course, it is the duty of a citizen to pay his taxes when due and it is also his duty to pay his Conservancy District assessments when due, which is at the same time that taxes are due. For a failure to discharge such obligation, penalties and interest are imposed by law, and his land will be subject to forfeiture. If it had been the legislative intention to use the further coercive measure for the collection of the Conservancy assessments, that the pains and penalties incident to delinquency in payment of general taxes should be visited as an added burden upon the taxpayer because of his failure to pay assessments inferior to taxes, it would seem that the legislature would have employed language more fitting to express such intention. The obligation of the citizen to pay state and county taxes and the penalties for failure to pay the same when due are fixed by the revenue laws of the state. The Conservancy Act does not purport to expressly revise or amend the revenue laws so as to add new burdens to the taxpayer as such, nor to impose new conditions to release from the burdens already imposed by the revenue laws. Amendment by implication is not favored. Having by the general revenue laws of the state defined the duty of the taxpayer with respect to payment of his taxes and told him that upon making payment his obligation is discharged, we would be loath to hold that by implication the legislature by the Conservancy Act has said that the taxpayer in order to be released must pay not only his state and county taxes but perform other and distinct obligations to a municipal or quasi municipal corporation before being discharged of his taxes. It seems unnecessary further to elaborate. We cite a few decisions which support what we think was a correct conclusion of the trial court, chosen because they involved the construction of statutory provisions requiring the separate taxes to be collected "at the same time and in the same manner [as] state and county taxes". Milne v. Hess, 141 Or. 469, 18 P.2d 229, 89 A.L.R. 711. The first syllabus in that case reads as follows:

"A taxpayer's right to pay one tax levied against his property while refusing to pay other taxes thereon is not affected by statutes providing that all taxes levied by taxing agencies or districts shall be col-

lected by the same officer in the same manner 'and at the same time' as county taxes, and fixing a date after which unpaid taxes shall become delinquent."

The statute there involved, as set forth in a footnote to the opinion in 89 A.L.R. 712, is as follows: "All taxes collected with county taxes.—All taxes levied by any school district, road district, incorporated city or town, port, or other municipal corporation or taxing agency or district, now or hereafter authorized by law to levy taxes, shall be collected by the same officer and in the same manner and at the same time as taxes for county purposes are collected." § 69-708, Oregon Code 1930.

The court there disposed of exactly the same contention as amici curiae make in the case at bar, by stating: "The purpose of these statutory provisions is to fix a definite time after which unpaid taxes shall be deemed to be delinquent and subject to the penalties prescribed in the later statute. It does not expressly, and we think that it does not impliedly, prohibit the payment of any single tax without paying other taxes then levied."

See, also, Interstate Trust Co. v. Smith, 66 Colo. 525, 181 P. 126; Booth v. Clark, 42 Idaho 284, 244 P. 1099; Howell v. Lamberson, 149 Ark. 183, 231 S.W. 872.

From the foregoing it also follows that the trial court correctly decided that the County Treasurer could not legally sell lands for both state and county taxes and Conservancy District assessments after wrongly refusing a tender of state and county taxes.

The authorities consistently hold that a tender of taxes wrongfully refused is equivalent to payment where the tender is kept good. The result of such a tender and refusal is that it prevents interest or penalties from thereafter accruing on the amount tendered and that it renders a subsequent tax sale illegal if the amount tendered be included therein. 26 R.C.L. "Taxation", § 359, states the doctrine as follows:

"It is essential to the validity of a sale of land for nonpayment of taxes that the taxes for which it is sold are unpaid. Payment of the tax discharges the lien, and a sale of land for the nonpayment of taxes which have in fact been paid is void. * * * A lawful tender of the tax due on a parcel of land to the proper officer authorized to receive the same is equivalent to the payment of the tax, and a sale of the land after such tender is void."

See, also, Bennett v. Hunter, 9 Wall. 326, 19 L.Ed. 672; Atwood v. Weems, 99 U.S. 183, 25 L.Ed. 471; United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171; Gammill v. Mann, 41 N.M. 552, 72 P. 2d 12; Fernandez Company v. Montoya, 42 N.M. 524, 52 P.2d 289, 118 A.L.R. 573; Scudder v. Hart, 45 N.M. 76, 110 P.2d 536. That the rule is the same where the tender is of one separable tax without a tender of payment of other taxes or assessments, see Chesapeake, N. O. & T. P. Railway Co. v. Commonwealth, 253 Ky.

24, 68 S.W.2d 774, and Chicago, R. I. & P. R. Co. v. Slate, 213 Iowa 1294, 241 N. W. 398.

It is claimed by amici curiae that the decree of the Federal District Court for the District of New Mexico in case No. 2989 (Equity) entitled J. A. Carpenter et al. v. Middle Rio Grande Conservancy District et al. is res judicata and constitutes an estoppel by judgment upon plaintiffs herein in so far as plaintiffs attempt to question the constitutionality of Sections 514 and 516 of the Conservancy Act of New Mexico under the provisions of Art. IV, § 18, of the Constitution of New Mexico. Counsel for plaintiffs say that no such question was pleaded in the lower court and not assigned as error here. However that may be, it seems that in view of our decision as to the constitutionality of the sections referred to, it is not necessary to go into the question of res judicata.

■ Defendants in the court below raise the question as to whether the Carpenter case referred to in the last preceding paragraphs was "another action pending" which deprived the court below of jurisdiction in the case at bar. The trial court ruled against this contention. Plaintiffs say this question is not presented for review because not pleaded in advance of answering to the merits, and that as a plea of another action pending is a plea in abatement, it was waived by failure to present it before answer. We are disposed to agree with plaintiffs but we pass to a limited consideration of the plea on its merits anyway.

It is not necessary to consider the question of the alleged issue of legality of the Conservancy District assessments because that question is not involved in this appeal. Likewise, what we have said heretofore regarding the constitutionality of Sections 514 and 516 of the Conservancy Act and the effectiveness of the provisions of Section 514 of the Conservancy Act makes it unnecessary to appraise the issues in the Carpenter case on that question.

■ As to the vital question of the right of the taxpayer to pay his state and county taxes without at the same time paying Conservancy District assessments and as to the duty of the County Treasurer to accept tendered state and county taxes even though Conservancy District assessments are not paid at the same time, we hold that the plea of another action pending is without merit because the parties are not the same, and because it is not clear that this issue was presented to the trial court, and because the relief prayed for in the two actions is not the same. In Watson v. Jones, 13 Wall. 679, 715, 20 L. Ed. 666, the court said:

"But when the pendency of such a suit is set up to defeat another, the case must be the same. There must be the same parties, or at least such as represent the same interest, there must be the same rights asserted, and the same relief prayed for. This relief must be founded on the same facts, and the title or essential basis of the relief sought must be the same. The identity in these particulars should be such

that if the pending case had already been disposed of, it could be pleaded in bar as a former adjudication of the same matter between the same parties."

The trial court in the case at bar made the following findings of fact:

"13. That there was heretofore filed in the United States District Court for the District of New Mexico a cause entitled 'J. A. Carpenter et al., Plaintiffs v. Middle Rio Grande Conservancy District, Defendants' and numbered 2989 Equity upon the docket of said court. That the plaintiffs in said cause were J. A. Carpenter, R. B. Elliott, B. L. James, H. C. Neuer, Mrs. Ellen V. Howard and the Colorado National Bank of Denver, Colorado, suing in their own behalf and on behalf of all other holders of bonds of said Middle Rio Grande Conservancy District and that the defendants in said cause were the Middle Rio Grande Conservancy District, George E. Cook, T. J. Seneker, James Bezemek, John Baron Burg and Constancio Hendron, individually and as member of and constituting the Board of Directors of the Middle Rio Grande Conservancy District and that none of the plaintiffs in this cause was a party to said cause in said United States District Court.

"14. That during the pendency of said cause in said United States District Court certain property owners within said Conservancy District filed petitions in said cause by which they asked leave to intervene therein, both in their own behalf and in behalf of other taxpayers of said district, but that leave to intervene was denied by order of said court in said cause.

"15. That there was not presented as an issue in said cause in said United States District Court any question as to the right of property owners within said conservancy district to pay state and county or other taxes without payment of conservancy district assessments nor was there presented therein any issue as to the legality of any tax sale or as to any threat to issue tax deeds upon any tax sale previously held or as to any issue as to any Middle Rio Grande Conservancy District assessments being confiscatory."

We do not find the court's construction and appraisal of the pleadings in the two cases unreasonable and hence find no error. Cadwell v. Higginbotham, 20 N.M. 482, 151 P. 315. This opinion would become unduly extended if we set forth here a detailed analysis of the two cases, with doubtful benefit to the bar. We have carefully considered the arguments of counsel and agree with the trial court that the requirement that "the case must be the same" has not been met.

We have seen that the Treasurer of Valencia County, defendant in the lower court, had placed a construction on the Conservancy Act to the effect that he could not accept payment of any state and county tax on any lands within the Conservancy District unless the Conservancy District assessments then due upon said land were fully paid. Amici curiae point out that the

Federal District Court in the Carpenter case made a conclusion of law: "that the construction placed by the defendants upon the Conservancy Act of New Mexico as alleged in the bill of complaint is a true and correct construction thereof", and hence the Carpenter case is res judicata on the right of plaintiffs in the case at bar to question such construction of Section 514(5) of the Conservancy Act.

For the reasons stated in our discussion of the defendants' plea in abatement and plea of another action pending just now discussed, and for other reasons, we hold the suggestion without merit. Appellees urge against the suggestion of amici curiae the further objections that res judicata was not pleaded; that a mere conclusion of law not incorporated in the decretal portion of the judgment is not res judicata; that it is not assigned as error here, that in any event the Carpenter decision being a consent decree would be immaterial, we find it unnecessary to discuss all these interesting questions.

In view of our decisions, we deny the motion of appellants for writ of certiorari to supplement the record.

The portion of the declaratory judgment which is as follows: "That the County Treasurer of Valencia County has no power or authority to sell tracts of land at tax sale for Middle Rio Grande Conservancy District special benefit assessments or for the penalties or interest thereon or for both such delinquent assessments and state and county taxes, his power and authority in making such sales being limited to the sale of lands for delinquent taxes with interest and penalties thereon other than conservancy district assessments." is reversed.

In all other respects the judgment is affirmed, and it is so ordered.

BRICE, C. J., and ZINN, MABRY, and SADLER, JJ., concur.