STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. NICHOLAS GUIDA, PLAINTIFF IN ERROR.

Argued October 21, 1937—Decided January 26, 1938.

For the plaintiff in error, *George S. Silzer*.

For the state, *William A. Wachenfeld*, prosecutor of the Pleas, *Joseph E. Conlon* and *C. William Caruso*, assistant prosecutors.

The opinion of the court was delivered by

HEHER, J. We concur in the conclusions of the Supreme Court, as expressed in the opinion delivered by Mr. Justice Perskie.

Although not raised in the Quarter Sessions, we conceive that the constitutional questions raised here and in the Supreme Court should be determined. They are fundamental.

If the statute contravenes the Constitution of New Jersey, the judgment under review is a nullity. If that is so, the indictment does not charge a crime. Public policy is ill-served by convictions as for crime under a void statutory provision.

The first insistence is that the act (chapter 62 of the laws of 1932, page 94) does not satisfy the mandate of paragraph 4, section VII of article IV of the State Constitution, in that the object is not adequately expressed in the title. More specifically, it is said that the title "only makes provision for punishment for violation of the rate section," and not for the conduct of a "small loan" business without the license prescribed by section 1.

We do not so view it. The pertinent parts of the title read thus: "An act to define, license and regulate the business of making loans or advancements in the amount or of the value of three hundred dollars ($300.00) or less, * * * at a greater rate of interest than the lender would be permitted by law to charge if not licensed hereunder, prescribing the rates of interest and charges therefor and penalties or the violation thereof, * * *." This language indicates quite plainly, it seems to us, that there may be embodied in the enactment, as in fact there was, a general clause prescribing penalties for the violation of its provisions. The adverb "thereof" refers to the entire statute and not alone to the section fixing interest rates.

The office of the title, in the constitutional sense, is to give notice of the general effect of the legislation to "one conversant with the existing state of the law." Its validity is not to be determined by "nice distinctions of etymology or definition of words, but by the facts of the case and the history of the legislation. * * * The mere fact that the object of the legislation might have been expressed more specifically in its title affords no ground for declaring it void, so long as that title fairly points out the general purpose sought to be accomplished thereby." The general test of constitutional sufficiency in this regard is whether the titular expression of the object is deceptive. "Hypercriticism is utterly out of

place" in appraising the title. The sole requirement is that it "shall express its object in a general way so as to be intelligible to the ordinary reader; and it is the settled rule that a statute will not be judicially declared inoperative and unenforceable on this ground unless the deficiency plainly appears. *Public Service Electric and Gas Co.* v. *City of Camden,* 118 *N. J. L.* 245.

Secondly, it is urged that the statute contravenes paragraph 11, section VII of article IV of the State Constitution, restricting the legislature to "general laws" in dealing with certain enumerated subjects of legislation and in "all other cases which, in its judgment, may be provided for by general laws." The particular point is that certain excluded businesses, *i. e.,* those conducted by banks, trust companies, building and loan associations, pawnbrokers, "provident loan" companies, and the like, are "naturally within the classification," and their exclusion renders the act abortive as violative of the constitutional precept.

This point is also lacking in substance. The classification thus made rests upon distinctions that are substantial and not merely illusory. It has a logical and reasonable basis, free from artificiality and arbitrariness, and so satisfies the test of constitutional generality. *Raymond* v. *Teaneck,* 118 *N. J. L.* 109; *Van Riper* v. *Parsons,* 40 *Id.* 1; *Hammer* v. *State,* 44 *Id.* 667. See, also, *Dunn* v. *City of Hoboken,* 85 *Id.* 79.

The quoted clause of the pertinent constitutional provision—the one invoked—leaves much to the discretion of the legislature; and the judicial authority would be justified in disregarding, for want of generality, a statute falling into this category only where there is a palpable violation of the constitutional mandate. *State* v. *Price,* 71 *N. J. L.* 249.

The judgment is accordingly affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, BODINE, DONGES, HEHER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 10.

*For reversal*—None.