STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
MARY C. ZELINSKI, DEFENDANT-APPELLANT.

Argued October 11, 1960—Decided December 20, 1960.

Mr. *Sol D. Kapelsohn* argued the cause for defendant-appellant (*Messrs. Kapelsohn, Lerner, Leuchter & Reitman,* attorneys; *Mr. Sol D. Kapelsohn,* of counsel).

Miss *June D. Strelecki* argued the cause for plaintiff-respondent (*Mr. Brendan T. Byrne,* Essex County Prosecutor, attorney; *Mr. C. William Caruso,* Special Legal Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

SCHETTINO, J.    Appeal is from a County Court judgment of conviction of defendant as a disorderly person for violating *N. J. S.* 2A:170–25.5, in that defendant failed to relinquish to a doctor a telephone party line during an alleged emergency.    Defendant had been convicted in a municipal court and, thereafter, appealed to the County Court which heard the matter *de novo* without a jury.    While the appeal from that court was pending in the Appellate Division, we certified it on our own motion.

The statute provides:

"Any person who fails to relinquish a telephone party line, consisting of a subscriber line telephone circuit with 2 or more main telephone stations connected therewith each having a distinctive ring or telephone number after he has been requested so to do to permit another to place a call, in an emergency in which property or human life are in jeopardy and the prompt summoning of aid is essential, to a fire or police department or for medical aid or ambulance service, and any person who shall request the use of such a party line by falsely stating that the same is needed for any of said

purposes knowing said statement to be false, shall be a disorderly person; provided such party line at the time of the request is not being used for any other such emergency call."

This case is one of first impression, not only in this State but in the country as well, as no reported decision has been found in the 29 states which have, to date, passed similar statutes.

Defendant urges three grounds for reversal: (A) that the statute violates the constitutional mandate (*Art.* 4, § 7, *par.* 4), that every law shall embrace but one object which shall be expressed in the title; and (B) that if the offense created by the statute is held to be a crime, defendant was denied her constitutional right to indictment and trial by jury; and (C) that the testimony did not support a conviction.

## A.

We first discuss *Article 4, section 7, paragraph 4* which states in part:

"To avoid improper influences which may result from intermixing in one and the same act such things as have no proper relation to each other, *every law shall embrace but one object, and that shall be expressed in the title.*" (Emphasis added)

The statute is entitled, "An Act concerning crimes, relating to the use of telephone party lines in cases of emergency, and supplementing subtitle 10 of Title 2A of the New Jersey Statutes." Defendant emphasizes the words "concerning crimes" and "subtitle 10." She contends that these words relate to crimes and are in conflict with the body of the act which establishes a disorderly persons offense and not a crime and, therefore, the title violates the constitutional provision.

As originally introduced, the present title was contained in the bill and the body of the bill consistently denounced the prohibited conduct as a misdemeanor. That is a crime in this State. However, in his conditional veto message,

addressed to the General Assembly, the Governor, although he approved the overall objective of the act, expressed his dissatisfaction with the severity of the treatment of the subject and recommended the conduct so denounced be a disorderly persons offense rather than a crime. The Legislature complied with the Governor's recommendation, amended the body of the bill accordingly, but inadvertently the title was not amended to reflect the change in the operative provision.

The purpose of the constitutional requirement is "'to prevent frauds upon legislation by means of uncertain, misleading or deceptive titles to statutes.'" *Public Serv. Elec. & Gas Co. v. City of Camden,* 118 *N. J. L.* 245, 250 (*Sup. Ct.* 1937). The criterion is whether the title is such that thereby the members of the Legislature are given notice of the subject to which the act relates and the public informed of the kind of legislation that is under consideration. *Bucino v. Malone,* 12 *N. J.* 330, 343 (1953). If the general subject matter is fairly expressed, the constitutional mandate is satisfied. *General Pub. Loan Corp. v. Director, Div. of Taxation,* 13 *N. J.* 393, 403 (1953); *Bucino, supra.*

The title here does express the general purpose of the act. Its language reveals the legislative intent to punish certain wrongful use of telephone party lines.

In dealing with the issue, we must keep in view the total legislative process. We cannot look merely at the end-product and decide the challenge without regard to events which led to it. The title to the bill was fully informative when the measure was introduced and approved by both houses. Neither the Legislature nor the public could have been misled by the action taken up to that point. In the exercise of his constitutional powers (*Art.* V, § I, *par.* 14(*b*)), the Governor returned the bill with his objections for reconsideration. The action of the Chief Executive was of course a public event, fully informative to all concerned. Both houses, again by public action, concurred in the amendments the Governor recommended. It is inconceivable that anyone

was misled by the inadvertent failure to amend the title to conform to the substantive changes in the body of the bill. Hence, there is lacking any semblance of the evil to which the constitutional mandate is addressed.

### B.

Defendant's second point, that she was denied her constitutional rights to indictment and trial by jury, presupposes that the characterization of the offense as a "crime" in the title prevails over the characterization of it as a disorderly persons offense within the body of the act. Quite obviously the operative provisions in the body prevail over the title. The prohibited conduct being a disorderly persons offense, the constitutional rights to which we have referred do not apply.

### C.

Defendant contends that the testimony does not show a violation of the statute beyond a reasonable doubt. *State v. Taylor*, 38 *N. J. Super.* 6, 28 (*App. Div.* 1955).

She argues that the State failed to establish the emergency which the statute requires. In this regard, the attending physician testified that in his opinion the patient, a woman, at the time of his examination, was suffering from a hypertensive heart disease and in the throes of a cardiac experience which put her life in jeopardy, and that it was an "acute emergency" which required immediate hospitalization.

Defendant attempted to show, however, that the prompt summoning of aid was not essential because certain emergency procedures were not taken either by the doctor or by the hospital upon the patient's arrival there.

The doctor's testimony and the steps taken at the hospital were completely consistent with a finding that an emergent condition existed. There was an immediate need to transfer the patient to a place where she could have the benefit of

continuous medical assistance and proper facilities to deal with the threat to life which the physician feared. The purpose of the statute is to save human lives, not to gamble with them.

Defendant next contends that the State did not establish the failure to relinquish the telephone party line. The physician testified that upon his first attempt to call the hospital he heard the voices of two women on the party line. He hung up momentarily, again picked up the receiver, and then asked them to relinquish the telephone as he had an emergency case and wanted to call a hospital. They refused to get off the line. He testified that only on the fourth attempt to clear the telephone line was he able to call the hospital. Defendant and her husband, however, stated that defendant relinquished the party line almost immediately after the doctor interrupted the telephone conversation.

The credibility of the testimony is for the trial court to assess. *State v. Guerrido*, 60 *N. J. Super.* 505, 513 (*App. Div.* 1960). Our function on appeal ordinarily is not to make new factual findings but simply to decide whether there was adequate evidence before the County Court to justify its finding of guilt. *State v. Dantonio*, 18 *N. J.* 570, 575 (1955). The record sustains the trial court's finding of guilt.

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.