638 A.2d 812

RESOLUTION TRUST CORPORATION, AS RECEIVER FOR CITY SAVINGS, F.S.B., PLAINTIFF–APPELLANT, v. WILLIAM LAN-ZARO, AS SHERIFF OF MONMOUTH COUNTY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 19, 1994—Decided February 15, 1994.

Before Judges PRESSLER, DREIER and BROCHIN.

*Kevin Crotty* of the New York Bar, admitted *pro hac vice,* argued the cause for appellant (*Cassidy, Foss & San Filippo* [New Jersey counsel] and *Hughes, Hubbard & Reed* [New York counsel], attorneys; *Mr. Crotty, Harold J. Cassidy* and *Lawrence F. Bates,* on the brief).

*Fredrick P. Niemann,* Assistant Monmouth County Counsel, argued the cause for respondent (*Malcolm V. Carton,* Monmouth County Counsel, attorney; *Mr. Niemann,* on the brief).

PER CURIAM.

By this action plaintiff Resolution Trust Corporation (RTC), established by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989[1] to act as receiver of insolvent and unsound savings and loan institutions, *see* 12 *U.S.C.A.* § 1464(d)(2), sought a determination that it is exempt from sheriff's fees by reason of the express provisions of 12 *U.S.C.A.* § 1825(b)(1). By his opinion reported at 271 *N.J.Super.* 425, 638 *A.*2d 931 (Ch.Div.1992), Judge McGann rejected that claim. We

---

[1] P.L. 101–73, 103 Stat. 183. And see 12 *U.S.C.A.* § 1811, historical and statutory notes.

affirm the ensuing judgment substantially for the reasons stated by Judge McGann.

We add only the following observations. RTC relies in substantial measure on the assertion that the sheriff's fee is a tax rather than a fee because it bears no reasonable relationship to the services performed in the conduct of the sale. We agree with Judge McGann's conclusion that the reasonableness of the relationship is properly determined not by a single transaction but rather by the overall statutory scheme, which is designed to provide for the self-support of this function of the sheriff's office. In this regard, we note the direct holding in *Liquifin Aktiengesellschaft v. Brennan*, 446 *F.Supp.* 914 (S.D.N.Y.1978), albeit in a different context, that the sheriff's commission, based on a percentage of the sales price and known historically as poundage,[2] constitutes a fee rather than a tax. In rejecting the contention that the sheriff's poundage must be regarded as a tax because it goes into general revenues without being earmarked as revenues for the sheriff's office, the court in *Liquifin* aptly observed that: "[t]he particular procedural mechanism by which funds generated by the judiciary are fed back into the judicial system does not change into a tax what historically has been deemed and treated as a fee." *Id.* at 919. We reject plaintiff's similar contention for the same reason. *See also Granzow v. Bureau of Support*, 54 *Ohio St.*3d 35, 560 *N.E.*2d 1307 (1990).

We also agree with the observation of *Liquifin*, 446 *F.Supp.* at 920, that to the extent the reasonable relation of a charge to the services performed constitutes a determinant of whether it is a fee or a tax, reasonableness may be evaluated in terms of the benefit conferred upon the person required to pay as well as in terms of the expense to the sheriff in providing the

---

[2] The term "poundage" derives from the original use of the percentage fee in Britain, where it was described as a percentage of the pound sterling monetary unit. *See Martin G. Imbach, Inc. v. Deegan*, 208 Md. 115, 126, 117 A.2d 864, 869 (1955).

service. We do not understand RTC to assert that its benefit was not commensurate with the fee—it clearly was—but only that the cost of the sheriff in providing it was not.

We also note plaintiff's reliance on *California v. Buzard*, 382 *U.S.* 386, 86 *S.Ct.* 478, 15 *L.Ed.*2d 436 (1966), in which the Supreme Court held that California's two percent license fee for automobile registration in addition to the regular flat registration fee constituted a general revenue raising measure and hence a state tax interdicted by overriding federal legislation protecting non-resident servicemen.[3] We are satisfied that the history, function, and application of the sheriff's poundage, as explicated by Judge McGann and by the federal court in *Liquifin*, distinguish it from California's obvious revenue raising measure characterized as a tax by *Buzard*.

The judgment appealed from is affirmed.

---

[3] Section 514 of the Soldiers' and Sailors' Civil Relief Act, 50 *U.S.C.A.* Appendix § 574, exempted non-resident servicemen present in a state with military orders from that state's taxation.