755 A.2d 1236

BTD–1996, NPC 1 L.L.C., A DELAWARE LIMITED LIABILITY COM-
PANY, PLAINTIFF–RESPONDENT, v. 350 WARREN L.P., A
NEW JERSEY LIMITED PARTNERSHIP, DEFENDANT.

HUDSON COUNTY SHERIFF, APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 24, 2000—Decided August 3, 2000.

Before Judges STERN, KESTIN and STEINBERG.

*Robin Moses,* Assistant Hudson County Counsel, argued the cause for appellant County of Hudson Sheriff's Department (*Francis De Leonardis,* Hudson County Counsel, attorney; *Ms. Moses,* on the brief).

*Matthew V. DelDuca* argued the cause for respondent BTD–1996 (*Dechert Price & Rhoads,* attorneys; *Mr. DelDuca* and *David Zatuchni,* on the brief).

*Donald J. Einhorn,* Assistant Hunterdon County Counsel, argued the cause for *amicus curiae* Hunterdon County Sheriff (*Gaetano M. De Sapio,* Hunterdon County Counsel, attorney; *Mr. Einhorn,* on the brief).

*Fredrick P. Niemann,* Assistant Monmouth County Counsel, argued the cause for *amicus curiae* Monmouth County Sheriff (*Malcolm V. Carton,* Monmouth County Counsel, attorney; *Mr. Niemann,* on the brief).

*William P. Robertson,* Deputy Somerset County Counsel, argued the cause for *amicus curiae* Somerset County Sheriff's Department (*Thomas C. Miller,* Somerset County Counsel, attorney; *Mr. Miller,* on the brief).

*Stephen E. Trimboli* argued the cause for *amicus curiae* Sheriff's Association of New Jersey (*Courter, Kobert, Laufer & Cohen* attorneys; *Fredric M. Knapp,* of counsel and on the brief; *Michael A. Shadiack,* on the brief).

*Kyran Connor,* Cape May County Counsel, attorney for *amicus curiae* County of Cape May (*John C. Porto,* Assistant County Counsel, on the brief).

*Ronald Kevitz,* Morris County Counsel, attorney for *amicus curiae* Morris County Sheriff (*Mr. Kevitz,* on the brief).

*Carol I. Cohen,* Union County Counsel, attorney for *amicus curiae* Union County Sheriff (*Ms. Cohen,* on the brief).

The opinion of the court was delivered by

STERN, P.J.A.D.

The Hudson County Sheriff appeals from a judgment entered on April 19, 1999, declaring that "N.J.S.A. 22A:4–8 as applied to the commissions sought by the Hudson County Sheriff from plaintiff in this case is unconstitutional," and denying the Sheriff's requested order to show cause seeking payment of his statutory fee. The Sheriff argues that he is entitled to the statutory commission or fee provided in *N.J.S.A.* 22A:4–8 when a judicially ordered sale does not go forward by virtue of a settlement; that the settlement resulted from the conduct of the Sheriff in preparing for the sale; and that plaintiff is not entitled to the exemption from such payment awarded to federal agencies or departments, as prescribed in *Resolution Trust Corp. v. Lanzaro,* 140 *N.J.* 244, 658 *A.*2d 282 (1995).

*N.J.S.A.* 22A:4–8, entitled "Fees and mileage of sheriffs and other officers," in Title 22A "fees and costs," provides in part regarding "execution sales" that:

When the execution is settled without actual sale and such settlement is made manifest to the officer, the officer shall receive½ of the amount of percentage allowed herein in case of sale.

Based on the statute, the Sheriff seeks a commission of $30,-408.64, and seeks to distinguish the *Resolution Trust* case. The plaintiff, which obtained a judgment for $3,830,913.23 and a Writ of Execution, contends that the commission is a "tax" to support the general operations of the Sheriff's Department or county government, and, as such, is unconstitutional. The parties stipulated that the value of the services actually performed and expenditures actually involved (independent of indirect costs of personnel and equipment utilized, which would be normal expenses) amounted to $971.14.[1] There is no dispute that these actual expenses that were incurred by the Sheriff are payable to the Sheriff. In fact, they were paid out of plaintiff's $1,000 deposit.

Defendant, 350 Warren, L.P., paid plaintiff $2,400,000 (in settlement of the $3,830,913.23 judgment plaintiff obtained against defendant), and the parties to this appeal agree that the commission would be $30,408.64 if the statutory fee is enforceable.[2] Plaintiff would not pay the disputed statutory fee and the Sheriff sought an order to show cause. The Attorney General, after receiving notice required by *R.* 4:28–4, elected not to participate in the proceedings.

The trial judge held the statute to be unconstitutional as applied, concluding:

that N.J.S.A. 22A:4–8 is unconstitutional as applied to the plaintiff in this case, where the disproportion between the charge and the cost of the service is excessive, the charge imposed is intended primarily to raise revenue, and not to compensate the governmental entity for the cost of providing the service. As a result, the charge is essentially the equivalent of a tax, measured by the sale price of the foreclosed property, it is apparent in this case that the charge is grossly disproportionate to the cost of the services rendered under any measure, and is premised solely on the statutory authorization appearing in 22A:4–8, which permits

---

[1] We do not suggest that indirect costs and expenses of running the Sheriff's office should not have been included in evaluating proportionality. That issue is not before us.

[2] We do not pass on the calculation or the amount agreed upon under the statute. We do accept the amount as controlling for purposes of determining proportionality in this case.

the Sheriff to receive one-half of the amount of the percentage allowed in the event a sale is made.

[citation omitted.]

The judge also determined:

> that the tax violates Article 4, Section 7, Paragraph 4 of the New Jersey Constitution for, among other reasons, the reason that the statute 22A:4–8 has the following title: Fees and Mileage of Sheriffs and other Officers, that's the title to the statute.... And so, the court concludes that 22A:4–8 violates the New Jersey Constitution, since it gives no notice or indication of the purpose of the statute, which purpose is to permit or impose taxation.[3]

■ We conclude, as did the trial judge, that the issue before us is controlled by *Resolution Trust, supra,* 140 *N.J.* 244, 658 *A.*2d 282, and that the fee in this case constituted a tax. While we reject the trial judge's constitutional analysis, we conclude that the "fee" is unenforceable because of its lack of proportionality to the services rendered and the absence of any legislative intent to impose a tax.

It is true, as the Sheriff argues, that *Resolution Trust* required the Supreme Court to determine whether, under the standards established by federal law, the charge authorized by *N.J.S.A.* 22A:4–8 was a "fee" or a "tax." This was because under controlling federal law, if the statute authorized a "tax" the federal agency would be exempt from paying the tax. *Id.* at 252, 658 *A.*2d 282. It is also true, as the Sheriff argues, that the Supreme Court in *Resolution Trust* ultimately held that it was "fully satisfied that for purposes of [the controlling federal statute] and its statutory exemption of RTC from state and local taxation, the charge sought to be imposed by the Sheriff of Monmouth County is essentially equivalent to a tax measured by the sale price of the foreclosed property." *Resolution Trust, supra,* 140 *N.J.* at 260, 658 *A.*2d

---

[3] *N.J. Const.* art. IV, § 7, ¶ 4 provides:

> To avoid improper influences which may result from intermixing in one and the same act such things as have no proper relation to each other, every law shall embrace but one object, and that shall be expressed in the title. This paragraph shall not invalidate any law adopting or enacting a compilation, consolidation, revision, or rearrangement of all or parts of the statutory law.

282. Accordingly, "[a]s such, it [could not] lawfully be imposed on RTC" because of federal law. *Ibid.*

However, in examining the question of whether the Sheriff's charge under the statute "is a permissible fee or a prohibited tax," *id.* at 253, 658 A.2d 282, the Supreme Court found "instructive" New Jersey precedent dealing with fees and assessments "purporting to be regulatory but challenged on the ground that they were designed primarily to raise revenue." *Ibid.* Citing New Jersey precedent, the Court made clear that "[i]f the primary purpose of the fee is to raise general revenue, it is a tax," whereas the fees would be sustainable when "the primary purpose is to reimburse ... for services reasonably related" to the services performed. *Id.* at 254, 658 A.2d 282 (quoting *Holmdel Builders Ass'n v. Township of Holmdel,* 121 *N.J.* 550, 582, 583 A.2d 277 (1990)). The Court also made clear that to be a valid fee, as opposed to a tax, the amount charged had "to bear a reasonable relationship to the cost of the services rendered." *Id.* at 257, 658 A.2d 282 (quoting *Capital Cities Communications, Inc. v. Federal Communications Comm'n,* 554 *F.*2d 1135, 1138 (D.C.Cir.1976)). Hence, the *Resolution Trust* Court stated that:

> Irrespective of its statutory designation as a fee, both our own cases and the federal precedents view as controlling the relationship between the amount of the charge and the cost of the service rendered. This record reveals an enormous disparity: the services rendered by the Sheriff and employees of his office require approximately ten hours of work; the fee imposed, determined solely on the basis of the amount of the successful bid for the property, was $275,000. Where the disproportion between the charge and the cost of the service is excessive, as it is here, the conclusion is inescapable that the charge imposed is intended primarily to raise revenue and not to compensate the governmental entity for the cost of providing its service.
>
> [*Id.* at 259, 658 A.2d 282 (citation omitted).]

We agree with the trial judge that *Resolution Trust* requires us to hold, as a matter of state law, that the "fees" charged in this case constitute a "tax" and are so disproportionate to the services rendered that collection thereof cannot be enforced.

In *Resolution Trust* this court had held that the RTC was required to pay the "fee" on the basis that it was not a "tax"

because the reasonableness of the assessment could not be "properly determined ... by a single transaction but rather by the overall statutory scheme, which is designed to provide for the self-support of this function of the Sheriff's office." 271 *N.J.Super.* 189, 191, 638 *A.*2d 812 (App.Div.1994), *rev'd,* 140 *N.J.* 244, 658 *A.*2d 282 (1995). We concluded that the "reasonableness may be evaluated in terms of the benefit conferred upon the person required to pay as well as in terms of the expense to the sheriff in providing the service." *Id.* at 191–92, 638 *A.*2d 812. In reversing the judgment, the Supreme Court rejected this thesis. 140 *N.J.* at 258–60, 658 *A.*2d 282. According to Justice Stein:

> Nor is the revenue-raising characteristic of the Sheriff's fee diminished by the statistics, emphasized by the lower courts, demonstrating that the annual amount of the fees collected by the Sheriff and remitted to the County defray a substantial portion of the cost of operating the Sheriff's office. That the Sheriff's fees are substantial enough to offset approximately one-third of the budgeted costs of operating his office may well substantiate the soundness of the fee schedule as a matter of legislative policy. But the success of the fee schedule as a revenue source cannot justify imposition of the fee on an entity that Congress has declared to be totally exempt from such exactions.
>
> [*Id.* at 259–60, 658 *A.*2d 282.]

Although the issue involved in *Resolution Trust* concerned the federal exemption from payment of a tax, that case does not change the essence of the Supreme Court's analysis that the fee under *N.J.S.A.* 22A:4–8, even though used to help defray the cost of operating the Sheriff's office or commensurate to the benefit received by plaintiff, was nonetheless a tax because of the "disproportion between the charge and the cost of the service." *Id.* at 259, 658 *A.*2d 282.

■ The precedent cited in *Resolution Trust* deals with municipal ordinances, whereas the Legislature can impose a tax. However, the trial judge here held that the Legislature cannot impose a tax in a statutory enactment bearing a title that refers to "fees and costs" for services rendered. *See N.J. Const.* art. IV, § 7, ¶ 4.[4] We disagree with the judge's conclusion in this regard. The

---

4 Independent of the argument that *N.J.S.A.* 22A:4–8 does not give notice that the statute imposes taxation, which may turn on the factual question concerning

statute clearly relates to the amounts the Sheriff can collect for services rendered, and:

'If the 'leading' or general subject of a statute is fairly expressed in the title, the constitutional mandate is satisfied. The 'object' of a law is not to be confused with its 'product.' The product may be 'as diverse as the object requires and finds its expression in the terms of the enactment only.' The criterion is whether the title is such that thereby the members of the legislature are given notice of the subject to which the act relates, and the public informed of the kind of legislation that is under consideration. And it is the settled rule that a statute will not be judicially declared inoperative and unenforceable on this ground unless it is palpably in contravention of the constitutional command.

[*Bucino v. Malone*, 12 *N.J.* 330, 343, 96 *A.*2d 669 (quoting *Jersey City v. Martin*, 126 *N.J.L.* 353, 363, 19 *A.*2d 40 (E. & A.1941))(internal citations omitted).]

As the Supreme Court has said:

The law of this State is well settled. As recently as *Bucino v. Malone*, 12 *N.J.* 330, 342–344, 96 *A.*2d 669 (1953), this court reiterated the principle, inherent in decisions antedating it, that "It is unnecessary and in fact undesirable for a title to give a resume of the provisions of the act. The constitutional provision is complied with when the title gives notice to the Legislature and the public of the general purpose of the act." Where the general purpose of the act is thus expressed and all the provisions of the enactment are in furtherance of that purpose, [i].e., "reasonably connected therewith, and appropriate to the achievement of the

---

proportionality, the parties also appear to disagree about the title to which the constitutional issue must be addressed. *N.J.S.A.* 22A:4–8 was part of a revision or recompilation of statutes in 1953 after the repeal of Title 22. *See L.* 1953, *c.* 22, § 11. *Amicus* Sheriff's Association of New Jersey contends that the trial judge "erred in misconstruing the Constitution and relying upon the heading of the codified statute (provided only for purposes of convenience), rather than the title of the Act set forth in L.1953, c. 22." Chapter 22 of the Laws of 1953 was entitled "An Act to adopt a supplement to the Revised Statutes consisting of, and to be known as, Title 22A, Fees and Costs, as revised in one thousand nine hundred and fifty-two, to repeal Title 22 of the Revised Statutes, as amended and supplemented, and to provide for the effect and operation of the said Title 22A." Because Title 22A was a recompilation, we also looked at the title of Chapter 273 of the Laws of 1948, which is entitled, "An Act concerning fees for the services of sheriffs and amending sections 22:4–7, 22:4–8 and 22:4–9 of the Revised Statutes," which was adopted after the effective date of the 1947 Constitution. We find no provision in the source statute to *N.J.S.A.* 22A:4–8 adopted before or after 1948 which indicates any intention to adopt a revenue producing mechanism. We also note that Article IV, § 7, ¶ 4 of the 1844 Constitution contains a constitutional provision similar to *N.J. Const.* art. IV, § 7, ¶ 4.

legislative object," *Jersey City v. Martin*, 126 *N.J.L.* 353, 363, 19 *A.2d* 40 (E. & A.1941), it does not violate this constitutional restriction on legislation.
[*General Public Loan Corp. v. Director of Div. of Taxation*, 13 *N.J.* 393, 403, 99 *A.2d* 796 (1953) ].

*See also, e.g., Painter v. Painter,* 65 *N.J.* 196, 206–07, 320 *A.2d* 484 (1974).

 We nevertheless affirm the judgment of the trial court. We agree with the trial judge's suggestion that, in the absence of any legislative history to support a contrary conclusion, there is no evidence that the Legislature intended to impose a tax that was so disparate and disproportionate to the services rendered. Given the holding of the *Resolution Trust* case that the disproportionate fee is a tax, we cannot enforce a tax where the Legislature did not intend to impose one. As our Supreme Court has said in other contexts with respect to taxation, "[t]he legislative body must express its intention to tax in distinct and unambiguous language." *Kingsley v. Hawthorne Fabrics, Inc.,* 41 *N.J.* 521, 529–30, 197 *A.2d* 673 (1964)(quoting *Public Service Co-ordinated Transport v. State Bd. of Tax Appeals,* 115 *N.J.L.* 97, 105, 178 *A.* 550 (Sup.Ct. 1935)). *See also Fedders Fin. Corp. v. Director, Div. of Taxation,* 96 *N.J.* 376, 386, 476 *A.2d* 741 (1984).

We agree with the general principles referred to by our dissenting colleague, even though we have doubt about a presumption in favor of a taxing measure not embodied in Title 54 and enacted in a source statute adopted long before individuals were taxed other than on real property. However, the principles referred to by the dissent have no application in this case. We merely hold, as a matter of apparent statutory intent, that there is no evidence the Legislature intended to put the disproportionate burden of taxation on a limited number of users of the Sheriff's services. The Sheriff is a constitutional officer and public official. He or she is not a private sector salesman or a broker entitled to contractual commissions, no matter what the costs may be.

Accordingly, we affirm the judgment of the Chancery Division, holding that the billed fees may not be collected in this case. We have no doubt, however, that the Legislature would want the statute interpreted to permit collection of a non-disproportionate

fee, after all factors which may be relevant in determining that question are considered. *See Hutches v. Borough of Hohokus*, 82 *N.J.L.* 140, 142, 81 *A.* 658 (Sup.Ct.1911). *See also, e.g., Township of Saddle Brook v. A.B. Family Ctr., Inc.,* 307 *N.J.Super.* 16, 31–32, 704 *A.*2d 81 (App.Div.1998), *aff'd and remanded,* 156 *N.J.* 587, 722 *A.*2d 530 (1999). We might ordinarily remand to the trial court to permit the Sheriff to make a showing of what would be a non-disproportionate assessment for purposes of collection. In this case, however, the parties stipulated to the value of the services rendered. It is clear as a matter of law that a greater than thirty-to-one ratio of assessment to cost is disproportionate. Hence, the Sheriff may collect only the amount stipulated by the parties to be for services rendered.

Given the potential impact of our decision on other cases, our holding is prospective only. *Salorio v. Glaser,* 93 *N.J.* 447, 463–69, 461 *A.*2d 1100, *cert. denied,* 464 *U.S.* 993, 104 *S.Ct.* 486, 78 *L.Ed.*2d 682 (1983).

The judgment is affirmed as modified.

STEINBERG, J.A.D., concurring in part; dissenting in part.

I agree with the conclusion of the majority that the charge imposed by the sheriff in this case is technically a tax, rather than a fee, because of the gross disproportion between the amount charged and the value of the services actually performed and expenditures actually involved, as stipulated by the parties. Indeed, although in a different context, the Supreme Court has held that the charges imposed under *N.J.S.A.* 22A:4–8 constitutes a tax rather than a fee where there is a gross disparity between the amount charged and the services rendered. *Resolution Trust Corp. v. Lanzaro,* 140 *N.J.* 244, 257–59, 658 *A.*2d 282 (1995). However, that does not end the inquiry. As I understand the majority opinion, it concludes that the Legislature can impose a tax and, therefore, the statute is not invalid merely because the charge is labeled a tax, since the power of taxation is vested in the Legislature. *See Daniels v. Borough of Point Pleasant,* 23 *N.J.*

357, 360, 129 *A.*2d 265 (1957). I agree. In my view, *N.J.S.A.* 22A:4–8 is immune from attack, even though the charges are labeled a tax, rather than a fee or assessment, since the charges are imposed by the Legislature, rather than a municipality. Accordingly, the fact that the charge, on occasion, is disproportionate to the services rendered does not render it unconstitutional, unless the amount charged is confiscatory. Here, it is beyond dispute that the amount, although high, is not confiscatory and has a valid legislative purpose in permitting the county to defray a substantial portion of the costs of operating the sheriff's office. I concur in that portion of the majority opinion that holds that the tax is not invalidated simply because of the disproportion.

In addition, I concur in that portion of the majority opinion that holds the statute constitutional even though, on occasion, it imposes a tax in legislation bearing a title that refers to fees for services rendered. *See N.J. Const.* art. IV, § 7 ¶ 4.[1]

Statutes are presumed to be constitutional. *State v. One 1990 Honda Accord,* 154 *N.J.* 373, 377, 712 *A.*2d 1148 (1998); *Paul Kimball Hosp., Inc. v. Brick Township Hosp., Inc.,* 86 *N.J.* 429, 447, 432 *A.*2d 36 (1981). Anyone challenging the constitutionality of a statute bears the burden of establishing its unconstitutionality. *State v. One 1990 Honda Accord, supra,* 154 *N.J.* at 377, 712 *A.*2d 1148; *Newark Superior Officers Ass'n v. City of Newark,* 98

---

[1] I recognize that all bills for raising revenue must originate in the General Assembly. *N.J. Const.* art. IV, § 6, ¶ 1. However, that contention was never raised before the motion judge, and has not been raised on appeal. Moreover, there is nothing in the record regarding that issue. Ordinarily, an appellate court will decline to consider questions or issues not properly presented to the trial court. *Nieder v. Royal Indemnity Ins. Co.,* 62 *N.J.* 229, 234, 300 *A.*2d 142 (1973). An exception to this general principle exists when the question raised concerns a matter of great public interest. *Ibid.* Arguably, this issue involves a matter of public interest. However, I do not consider the issue since the present record is not complete regarding it. *Alan J. Cornblatt, P.A. v. Barow,* 153 *N.J.* 218, 230, 708 *A.*2d 401 (1998). Moreover, the issue has not been briefed on appeal. *See Monmouth County Div. of Social Serv. v. P.A.Q.,* 317 *N.J.Super.* 187, 198, 721 *A.*2d 738 (App.Div.1998) (Appellate Division would not consider issues not addressed by parties in the trial court or adequately briefed on appeal).

N.J. 212, 222, 486 A.2d 305 (1985). In analyzing the constitution-ality of a statute, there is also a presumption that the Legislature acted with existing constitutional law in mind and intended the statute to function in a constitutional manner. *NYT Cable TV v. Homestead at Mansfield, Inc.*, 111 *N.J.* 21, 26, 543 A.2d 10 (1988); *Binkowski v. State*, 322 *N.J.Super.* 359, 368, 731 A.2d 64 (App.Div. 1999). Because courts are called upon to review the acts of a co-equal branch of government, we are reluctant to interfere, and substitute our judgment for that of the Legislature, unless the act is clearly repugnant to the constitution. *General Motors Corp. v. City of Linden*, 150 *N.J.* 522, 532, 696 A.2d 683 (1997); *Newark Superior Officers Ass'n v. City of Newark, supra*, 98 *N.J.* at 222, 486 A.2d 305; *Paul Kimball Hosp., supra*, 86 *N.J.* at 447, 432 A.2d 36. Thus, we have recognized that "[t]o declare a statute unconstitutional is a judicial power which must be exercised delicately". *In re J.G.*, 289 *N.J.Super.* 575, 582, 674 A.2d 625 (App.Div.1996), *aff'd as modified*, 151 *N.J.* 565, 701 A.2d 1260 (1997). Accordingly, that power should only be exercised when the legislation's repugnance to the constitution is clear beyond a reasonable doubt. *Franklin v. New Jersey Dep't. of Human Services*, 111 *N.J.* 1, 17, 543 A.2d 1 (1988); *In re J.G., supra*, 289 *N.J.Super.* at 582–83, 674 A.2d 625. Finally, the presumption of constitutionality is enhanced when the statute "has been in effect and implemented without challenge over an extended period". *State v. Trump Hotels & Casino Resorts, Inc.*, 160 *N.J.* 505, 527, 734 A.2d 1160 (1999).

With those canons of statutory construction in mind, I agree with my colleagues' conclusion that *N.J.S.A.* 22A:4–8 does not violate art. IV, § 7, ¶ 4 of the New Jersey Constitution. That constitutional provision provides, in pertinent part, as follows:

4. To avoid improper influences which may result from intermixing in one and the same act such things as have no proper relation to each other, every law shall embrace but one object, and that shall be expressed in the title.

The constitutional mandate set forth in *N.J. Const.* art. IV, § 7, ¶ 4, directing that every law "embrace but one object, and that shall be expressed in the title" only requires that the statute

express its object in a general way so as to be intelligible to the ordinary reader. *Ott v. Braddock,* 119 *N.J.L.* 507, 511, 197 *A.* 271 (E. & A.1938). If the general subject matter is fairly expressed, the constitutional mandate is satisfied. *Kline v. New Jersey Racing Comm'n.,* 38 *N.J.* 109, 117, 183 *A.*2d 48 (1962); *State v. Zelinski,* 33 *N.J.* 561, 565, 166 *A.*2d 383 (1960). If the title to a statute is "calculated to give to the Legislature notice of the subject to which the act relates and to the public notice of the kind of legislation under consideration and it can be said that the general subject matter is fairly expressed by the title, then there can be no constitutional objection". *Howard Savings Inst. v. Kielb,* 38 *N.J.* 186, 200, 183 *A.*2d 401 (1962). The purpose of the constitutional provision "is to prevent frauds flowing from the use of misleading or deceptive titles" to statutes. *Howard Savins Inst., supra,* 38 *N.J.* at 200, 183 *A.*2d 401; *Kline, supra,* 38 *N.J.* at 117, 183 *A.*2d 48; *Township of Princeton v. Bardin,* 147 *N.J.Super.* 557, 572, 371 *A.*2d 776 (App.Div.), *certif. denied,* 74 *N.J.* 281, 377 *A.*2d 685 (1977); *In re Manna,* 124 *N.J.Super.* 428, 434, 307 *A.*2d 619 (App.Div.), 64 *N.J.* 158, 313 *A.*2d 218 (1973). That purpose is satisfied if the title is not in any way misleading. *Painter v. Painter,* 65 *N.J.* 196, 206, 320 *A.*2d 484 (1974). The title to a statute is merely a label, not an index, and should not be scrutinized in an overly technical manner. *Atlantic City Parking Auth. v. Atlantic County Bd. of Chosen Freeholders,* 180 *N.J.Super.* 282, 299, 434 *A.*2d 676 (Law Div.1981). Thus, the statute "should be reasonably and liberally interpreted, and should not be technically or critically construed," and, above all, should not be held unconstitutional "unless the question is free from doubt". *Ott v. Braddock, supra,* 119 *N.J.L.* at 511, 197 *A.* 271. Simply because the object of a statute could have been expressed more specifically in its title does not justify declaring the statute unconstitutional, so long as the title fairly points out the general purpose sought to be accomplished. *State v. Guida,* 119 *N.J.L.* 464, 465, 196 *A.* 711 (E. & A.1938). Linguistic precision is not required. *Ibid.* Nor should the title of a statute be read hypercritically. *Ibid.* With those principles of law in mind, I agree with the conclusion of the

majority that the title to *N.J.S.A.* 22A:4–8 is neither deceptive nor misleading and clearly satisfies the constitutional mandate.

However, I dissent, in part, because I disagree with the conclusion of the majority that the fee is unenforceable because of its lack of proportionality to the services rendered and the absence of legislative history to support a conclusion that the Legislature intended to impose a tax. In my view, that is an insufficient reason to invalidate an act of the Legislature. As I have previously stated, I cannot, in good conscience, disagree that the sheriff's charge in this case is technically a tax. However, we were advised at oral argument that frequently the successful bidder at a sheriff's sale makes a nominal bid and, in those instances, the services rendered by the sheriff are grossly disproportionate to the nominal fee received. In those circumstances, the charge would be a fee or cost, rather than a tax.

Art. III ¶1 of the New Jersey Constitution sets forth three distinct branches of government; Legislative, Executive and Judicial and further provides that neither branch "shall exercise any of the powers properly belonging to either of the others". Yet we must always recognize that the judiciary possesses the extraordinary power to invalidate the action of a co-equal branch of government by declaring that act unconstitutional. The judiciary must always be cognizant of this awesome power, and exercise it judiciously, cautiously and delicately, with restraint. We should never lose sight of the proposition that an act of the Legislature has been adopted by the branch of government elected by the people, presumably in touch with the will of the people. It is for these reasons that statutes are presumed to be constitutional, and validly enacted, and should only be declared unconstitutional if they are clearly repugnant to the Constitution. The courts have no power to overturn a law adopted by the Legislature within its constitutional limitations, even though the law may be unwise, impolitic or unjust. *Asbury Park Press, Inc. v. Woolley*, 33 *N.J.* 1, 12, 161 *A.*2d 705 (1960). Consequently, even though a court may disagree with the wisdom or fairness of the statute, that alone

is not ground for judicial interference, provided the statute is not beyond the sphere of the constituted authority, the Legislature. *Camden County v. Pennsauken Sewerage Auth.*, 15 *N.J.* 456, 471, 105 *A.*2d 505 (1954). Accordingly, a court may not review the wisdom of legislative decisions, but can determine only whether the legislative action is within constitutional limitations. *Piscataway Township Bd. of Ed. v. Caffiero*, 86 *N.J.* 308, 318, 431 *A.*2d 799, *appeal dismissed*, 454 *U.S.* 1025, 102 *S.Ct.* 560, 70 *L.Ed.*2d 470 (1981); *State v. Bulu*, 234 *N.J.Super.* 331, 342, 560 *A.*2d 1250 (App.Div.1989); *New Jersey Sports & Exposition Auth. v. McCrane*, 61 *N.J.* 1, 8, 292 *A.*2d 545, *appeal dismissed*, 409 *U.S.* 943, 93 *S.Ct.* 270, 34 *L. Ed.*2d 215 (1972).

Since a challenged statute represents the considered action of the Legislature, which is a body composed of popularly elected representatives, there is a strong presumption of validity, which is not readily overcome. *State v. Trump Hotels & Casino, supra*, 160 *N.J.* at 527, 734 *A.*2d 1160; *New Jersey Sports & Exposition Auth. v. McCrane, supra*, 61 *N.J.* at 8, 292 *A.*2d 545; *City of Jersey City v. Farmer*, 329 *N.J.Super.* 27, 38, 746 *A.*2d 1018 (App.Div.2000). Factual support for the legislative judgment is presumed, and absent a sufficient showing to the contrary, a court considering a challenge to a statute must assume that the enactment rested upon a rational basis which was within the knowledge and experience of the Legislature. *Grand Union Co. v. Sills*, 43 *N.J.* 390, 397, 204 *A.*2d 853 (1964) (citation omitted); *In Re J.G., supra*, 289 *N.J.Super.* at 583, 674 *A.*2d 625. Likewise, I believe we should assume that the Legislature was aware of the fact that, on occasion, the charge imposed may be more like a tax, than a fee or cost. Moreover, and more importantly, I believe the Legislature's awareness or lack of awareness that the charge imposed may, on occasion, constitute a tax, is of no consequence. I know of no reason or authority supporting the conclusion of the majority that the lack of legislative history to support a finding that the Legislature intended, on occasion, to impose a tax, coupled with its lack of proportionality to the services rendered requires us, or justifies us, in invalidating the statute, even only as applied to the

facts of this case. By the same token, it could be persuasively argued that the lack of legislative history does not compel a conclusion that the Legislature did not intend to impose, on occasion, a charge disproportionate to the services rendered, particularly keeping in mind the strong presumption of validity. However, as previously noted, I believe the Legislature's awareness, or lack of awareness, that the charge imposed may, on occasion, constitute a tax, is of no legal consequence. I believe the majority has acted beyond its constitutional authority by invalidating a statute, as applied, that it has not found unconstitutional. In my opinion, any relief plaintiff receives must be from the Legislature by way of amendment to, or modification of, the statute, but not from the Judiciary in a case where the statute has not been found to be unconstitutional.

The only support relied upon by the majority for its conclusion that a tax cannot be enforced where the Legislature did not intend to impose one is *Kingsley v. Hawthorne Fabrics, Inc.*, 41 *N.J.* 521, 529–30, 197 *A.*2d 673 (1964). *Kingsley* hardly calls for that conclusion. *Kingsley* merely involved a case of statutory construction and narrowly construed the word "family" to include only those "living together in one home, in a permanent and domestic character, under one head" and refused to include a debt from the taxpayer's two brothers so as to increase the taxpayer's net worth by the amount of that indebtedness. The Court merely held that a taxing statute should not be extended, by implication, beyond the clear import of the language used. *Id.* at 528, 197 *A.*2d 673. The Court did not invalidate a statute, it merely strictly construed it. *Kingsley* is hardly authority for the proposition the majority cites it for: that a tax cannot be enforced unless the legislative history demonstrates that the legislature intended to impose a tax.

Indeed, the majority does not identify any provision of the United States or New Jersey Constitutions that are violated when the charge becomes a tax. I would only find a constitutional violation if the charge imposed becomes confiscatory. No one

argues that the statutorily imposed percentages are confiscatory. I respectfully part company with the majority because, in my opinion, it has disregarded the presumption of constitutionality or validity of the statute and has not given an act of the Legislature the judicial respect to which it is entitled. It has assumed, without any basis other than the absence of an expression of legislative history, that the Legislature did not intend to impose a tax. As previously noted, I believe that fact is of no consequence. In addition, to the contrary, we should assume that the Legislature considered all ramifications before enacting the statute. Since I believe that plaintiff has not overcome the strong presumption of constitutionality or validity of the statute, I would reverse the judgment of the Chancery Division.